Case 2.
5b 594
113 150

BEELER and Others *v.* HANTSCH and Another.

The persons appointed by the board of commissioners to view part of a state
road, &c., reported in favour of a change in the road; and, at the same
time, remonstrances against the change were presented to the board and
rejected. The report was admitted to record and filed. *Held,* that an
appeal would lie to the Circuit Court in such case, and that it might be
prosecuted by persons who had appeared before the board and objected to
the change in the road. *Held,* also, that the Circuit Court, on such ap-
peal, should have before it the original petition and report, and try the
cause, not as a Court of errors, but as a Court of original jurisdiction.

APPEAL from the *Marion* Circuit Court.

BLACKFORD, J.—In *April*, 1839, the appellees filed a petition before the board of county commissioners for a change of a certain state road, which, as they allege in the petition, passes through their land; and the board, accordingly, appointed commissioners to view that part of the road proposed to be changed. In *March*, 1839, the commissioners appointed to view the road, made a report to the board in favour of the change of the road; and, at the same time, remonstrances against the change, signed by many citizens of the county, were presented to the board by *Beeler* and others. The board rejected the remonstrances, and the report of the commissioners was admitted to record and filed.

*Beeler* and others, being some of the persons who had objected before the board against the proposed change of the road, appealed to the Circuit Court. The appellees moved the Circuit Court to dismiss the appeal, on the ground that the appellants were not parties to the cause; but the motion was overruled.

The Circuit Court, with no other papers before it but the transcript of the record of the board of commissioners, rendered the following judgment: "That the proceedings of the board of county commissioners, as in the record set forth, be and the same are in all things affirmed." The Court also gave judgment against the appellants for costs. The appellants have appealed to this Court.

It is contended by the appellees that there was no final judgment rendered in the cause by the board of commissioners, and that, therefore, there could be no appeal to the Circuit Court. But as the decision, which admitted the report of the commissioners to be recorded and filed, was an order, under the statute, that the road should be changed and the new road opened agreeably to the report, we consider that decision to be a final one upon the merits of the cause. R. S. 1838, p. 502.

The appellees also contend, that the appellants were not parties before the board of commissioners, and could not therefore appeal to the Circuit Court; but this is a mistake. The appellants appeared before the board, as they had a right to do, and objected to the proposed change of the road.

May Term, 1841.

BEELER
v.
HANTSCH.

*Tuesday,
June 29.*

May Term, 1841.

That appearance made them parties to the record, and the board was bound to hear their objections to the petition or the report.

It is said by the appellants that the Circuit Court tried the cause as a Court of errors. If the cause was so tried, the proceeding is erroneous. We have heretofore determined that, on appeals to the Circuit Court from the board of county commissioners, there must be a new trial of the merits of the cause. *Hedley* v. *The Board of Commissioners of Franklin County*, 4 Blackf. 116. There may, however, be some doubt from the record, whether the Circuit Court decided this case as a Court of errors, or upon the merits; and it is not necessary to examine that question, because, supposing the merits were tried, still the judgment must be reversed. The record shows that the Court determined the cause, without having before it the original petition filed by the appellees, and without the original report of the commissioners appointed to view the road. In the absence of those papers, there was nothing before the Court which could enable it to take jurisdiction of the merits of the cause. All the Court had before it was the transcript of the record of the board of commissioners; but that gave the Court no authority to try the cause, the reason is, that the Circuit Court determines such cases of appeal, not as a Court of errors, but as a Court of original jurisdiction.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Fletcher*, *O. Butler*, and *S. Yandes*, for the appellants.
*J. Morrison*, for the appellees.