TAYLOR *v.* LUCAS and Others.

The petitioners for a change of part of a road, under section 12 of the act of 1838 relating to public roads and highways, must own all the land through which the part of the road proposed to be changed runs.

The Circuit Court, on an appeal from an order of the board of county commissioners directing the change of a road, tries the cause as a Court of original jurisdiction, and should have before it the original petition.

ERROR to the *Warren* Circuit Court.

BLACKFORD, J.—*E. F. Lucas*, *P. High*, and *T. D. Taylor*, filed a petition before the board of commissioners of *Warren* county, at their *March* term, 1843, in order to have a part of a certain road changed.  The petition states that the part of the road desired to be changed, runs through the lands of the petitioners.  Viewers were appointed, and they made their report in favour of the change.  The board ordered the proposed change in the road to be made, and that so much of the old road as passed through the petitioners' lands should be vacated.

*Harrison Taylor*, the plaintiff in error, having made an affidavit that he was interested in the decision of the board, appealed to the Circuit Court.

The Circuit Court, without any papers before it but the transcript of the record of the board of commissioners, the appellant's affidavit, and the appeal-bond, appointed viewers to examine the old road, and also the one proposed to be opened in its place.  The viewers, appointed by the Circuit Court, reported in favour of the proposed change of the road. The Court thereupon ordered the change to be made, and vacated so much of the old road between the points of intersection designated in the petition, as passed through the petitioners' lands.

Nov. Term,
1846.

The statute under which the petition in this case was filed, authorizes the application to be made only where the persons petitioning own all the land through which the part of the road proposed to be changed runs. R. S. 1838, p. 494, sect. 12. The record, which contains all the evidence, shows that the petitioners gave no evidence of their ownership of the lands through which the old road passed, and that the appellant proved that a part of such lands, between the points of intersection, was his. It thus appears that the case was not one contemplated by the statute, and that the Court should not have ordered the road to be changed.

There is another reason why the judgment should be reversed. The original petition was not sent up with the transcript to the Circuit Court. That Court tries such cases as a Court of original jurisdiction; and to authorize the exercise of such jurisdiction, the paper describing the cause why the order of the Court is asked, should be before the Court. *Beeler et al.* v. *Hantsch et al.*, 5 Blackf. 594.—*Reddington* v. *Hamilton et al.*, May term, 1846.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. C. Gregory*, for the plaintiff.

*D. Mace*, for the defendants.