GRAHAM *v.* The Board of Commissioners of DAVIESS County.

COUNTY COMMISSIONERS.—APPEAL.—The Board of Commissioners of *Daviess* county having appropriated the sum of $600 to each volunteer and drafted man who should enter the military service to the credit of the county, and to each person furnishing a substitute, A filed an affidavit alleging that he was a citizen of the county, that the action of the board was illegal, and that he was aggrieved thereby, and thereupon prayed an appeal to the Circuit Court, and filed an appeal bond which was approved. In the Circuit Court the appeal was dismissed on motion of the board.

*Held*, that the appeal was properly taken, and that the legality of the action of the board could not be tried in the Circuit Court on motion to dismiss.

APPEAL from the *Daviess* Circuit Court.

RAY, J.—On th 6th of *January*, 1865, the auditor of *Daviess* county issued his precept to the sheriff, directing him to

summon the board of commissioners to meet at the court house on *Saturday, January* 14th, 1865. This writ was served on the 7th of *January*. At a special *January* term of the board, on the 4th day of said term, being *January* 21st, 1865, the board passed an order appropriating $600 in county orders to volunteers, drafted men and persons furnishing substitutes in anticipation of the pending draft, mustered into the service of the *United States* and credited on the quota of the county. The auditor of the county was authorized to issue the county order upon the certificate of the mustering officer at *Indianapolis*. On the 10th of *February*, the board again met in special session and passed an order approving the action of the auditor in issuing eighty-one orders, under the resolution of the board passed at their *January* session, the orders having been issued upon the certificate of the provost marshal at *Evansville*, instead of the officer at *Indianapolis*, and ordering that three persons who had furnished substitutes should each be paid $600 in county orders, upon their paying $50 each into the county treasury. On the 16th day of *February*, *Graham* filed an affidavit alleging that he is a citizen of said county; that the action of the board is illegal, and that he is aggrieved thereby, and asking an appeal from said order. He also filed an appeal bond, which was approved, and a transcript of the proceedings was certified to the Circuit Court. In the Circuit Court the board of commissioners appeared by attorney and moved the court to dismiss the appeal, for the reason that "the board were justified by law in making said appropriations; and that the acts of the board were legalized by a late act of the legislature; and that no appeal was authorized from said order, and an imperfect record herein." The court sustained the motion, and rendered judgment against *Graham* for costs. *Graham* excepted, and appealed to this court.

The errors assigned are, that the court erred in sustaining the motion to dismiss the appeal, and in rendering a judgment against *Graham* for costs.

Every provision of the statute in regard to taking an appeal from an order of the commissioners has been complied with. The affidavit has been filed in the office of the county auditor, showing the interest of the party appealing, and the affidavit clearly indicates the orders from which the appeal is taken. The appeal bond is also filed and approved by the auditor. It is objected, however, that two appeals should have been taken. If this were true, it would furnish a very unsatisfactory reason for dismissing without trial the one which had been taken. But the appeal is sufficient. The second order is but an approval of the proceedings of the auditor in issuing the county orders upon the certificate of the officer at *Evansville,* in place of the officer at *Indianapolis.* It was but a continuance and part of the original proceedings, and the appeal presented the entire action of the board of commissioners for review in the Circuit Court. The motion to dismiss assumes the very question to be decided in the court, whether the act of the legislature had legalized the orders of the commissioners? This question, the appeal presented to the court for decision, and it was the duty of the court to pass upon it.

The order and judgment dismissing the appeal is reversed, with costs, and the cause remanded for further consideration in the Circuit Court.

*J. W. Burton, A. G. Porter, B. Harrison* and *W. P. Fishback,* for appellant.

*R. A. Clements, jr.,* for appellee.