JAMIESON ET AL. *v.* THE BOARD OF COMM'RS OF CASS COUNTY ET AL.

HIGHWAY.—*Damages and Costs.*—*Allowance by County.*—*County Commissioners.*—*Power of.*—*Appeal.*—Where damages have been assessed in favor of a person who objects to the location of a highway which has been petitioned for, the decision of the board of commissioners, as to whether such highway is one of sufficient importance to the public, that such damages, and the costs attendant, should be paid out of the county treasury, is final, and can not be reviewed by any court.

SAME.—*Appeal.*—*Parties.*—*Case Overruled.*—The board of commissioners is not a proper party to an appeal from an order of such board, establishing or refusing to establish a public highway, whether the question of damages claimed by a remonstrant is or is not in issue. *Wright* v. *Wells*, 27 Ind. 65, overruled.

SAME.—*Order of Circuit Court for Payment of Damages.*—Where, on appeal of such proceedings to the circuit court, there is a finding that the proposed highway is of *public* utility, and damages are assessed in favor of a remonstrant, it is not error in the court to order, that, within a specified time, either the board of commissioners, or the petitioners, at their option, may pay such assessment.

SAME.—*Two Appeals in one Cause.*—*Practice.*—Where, in such proceeding, two appeals are taken by a remonstrant to the circuit court, one from an order of the board locating the highway, and the other from an order of such board approving the report of reviewers, that such remonstrant is entitled to no damages, they should be consolidated on motion, as constituting but one cause.

SAME.—*Costs.*—*Assessment of.*—Where, on the trial of such cause, there is a finding establishing such highway, but allowing damages therefor to such remonstrant, the costs accruing from the trial of. the former issue should be assessed against such remonstrant, and that accruing upon the latter, against the petitioners.

SAME.—*Supreme Court.*—*Record.*—Where, on appeal to the Supreme Court, the record does not show the proportion of the costs accruing from each of such issues, it will be presumed that the judgment of the circuit court, assessing such costs, is right.

From the Cass Circuit Court.

*A. M. Flory*, for appellants.

*H. C. Thornton* and *McConnell & Nelson*, for appellees.

HOWK, J.—The appellants, in this cause, presented their petition to the appellee The Board of Commissioners of Cass County, praying therein that said appellee would grant them " a view and establish a public highway," described in said petition.

On the presentation of said petition, and proof of notice as required by law, the appellee The Board of Commissioners appointed. viewers, who subsequently reported that they had viewed and located said highway, and that it was a " highway of public utility." Afterward, the appellee Samuel S. Metsker and others presented to said board of commissioners a remonstrance

against said highway, upon the ground that it would be of no public benefit. On the presentation of the remonstrance, the board appointed reviewers, who thereafter reported, that they had located said highway, and that it was a "highway of public utility." The appellee Samuel S. Metsker then presented to said board of commissioners his individual remonstrance against said highway, and asking for an assessment of the damages he would sustain from the opening of said highway. On the presentation of this remonstrance, the board of commissioners appointed reviewers, to assess the damages, if any, which the appellee Samuel S. Metsker would sustain, by reason of the opening of said highway; which reviewers afterward reported, that the appellee Metsker would sustain no damages whatever by the establishment of said highway. And the board of commissioners approved said report, and established said highway, of the width of thirty feet. From the decision and order of the appellee The Board of Commissioners of Cass County, the appellee Samuel S. Metsker appealed to the court below.

The appellee The Board of Commissioners of Cass' County moved the court below to dismiss the cause of action, so far as the same related to said board, because the said board had no interest in said cause of action, and was improperly made a party to the action; which motion was overruled by the court, and to this decision the appellee The Board of Commissioners excepted and filed its bill of exceptions.

This cause was tried by a jury, in the court below, and a verdict was returned, "that the proposed highway will be of public utility, and that Samuel S. Metsker will sustain damages to the amount of one hundred and fifty dollars, by reason of locating the same upon his premises." The appellee Metsker moved the court below. for a new trial, which motion was overruled, and said Metsker excepted. And the appellants moved the court

below to tax all the costs and damages against the appellee The Board of Commissioners of Cass County, which motion was overruled, and the appellants excepted. Judgment was then rendered by the court below, that the proposed highway was of public utility, and that the appellee Samuel S. Metsker would be damaged thereby in the sum of one hundred and fifty dollars; that on the payment of said damages, as provided in said judgment, the said highway, describing it, should then be a highway, and opened and worked as other public highways; that the said damages assessed in favor of the appellee Metsker might be paid by the appellee The Board of Commissioners of Cass County, or by the appellants, at their option, in ninety days from the date of said judgment; and that the appellee the said Board of Commissioners, within that time, should indicate by an order, entered of record, whether it would pay said damages or not. And it was ordered by the court below, that one-half of the costs herein be paid by the appellee Metsker, and the other half be paid by the appellants; to all of which the appellee Metsker and the appellants severally excepted.

And the appellee Samuel S. Metsker moved the court below to set aside so much of the order of the court as required him to pay one-half of the costs herein; which motion was overruled by the court, and to this decision the appellee Metsker excepted.

In this court, the appellants have assigned the following alleged errors of the court below:

1st. In overruling the appellants' motion to tax the costs in this case against the county;

2d. In overruling the appellants' motion to tax the costs in this cause to the county, and in ordering the damages assessed by the jury to be paid out of the county treasury;

3d. In making a conditional order on the finding of the jury, in this, in leaving it to the option of the board

of commissioners to pay the costs and damages in ninety days, after the jury had found the road petitioned for to be a road of public utility;

4th. In ordering the appellants to pay any part of the costs in said cause, or of the damages assessed; and,

5th. In overruling the appellants' motion to set aside the order made in said cause, so far as made, ordering the damages to be paid at the option of the board of commissioners, or the appellants, and that one-half of the costs be taxed against the appellants, and in refusing to order the costs and damages to be paid out of the county treasury.

We will briefly consider and decide the several questions presented by these alleged errors, in their enumerated order.

1st. It is claimed by appellants, that the court below erred, in overruling their motion to tax the costs in this case against the county. The appellants failed to make their motion a part of the record, by a proper bill of exceptions; and, therefore, we might well say that the alleged error, of which appellants complain, is not presented by the record. But if it were, we should hold that the court below committed no error, in overruling appellants' motion. This cause, in the court below, was merely a private controversy between the appellants, on one side, and the appellee Metsker, on the other, and the court, in our opinion, had neither the right nor the power to tax the costs of suit, or any part thereof, against the county.

2d. It would seem from the second alleged error, that the appellants assumed the position, that the court below had the power, and that it was the duty of the court, to order and require the appellee The Board of Commissioners of Cass County to pay the damages and costs in this case. We can not approve of this position. In our opinion, the court below had no such power; and certainly its duty did not require the court to make any

such order. The board of commissioners had the power, under the law, to "order the costs and damages to be paid out of the county treasury;" and if the board considered the proposed highway "to be of sufficient importance to the public," it was the duty of the board to make such order. 1 R. S. 1876, p. 532, sec. 21. But the law has very wisely, we think, left this matter to the consideration and judgment of the board of commissioners; and the judgment of the board on this point is final, and can not be controlled, coerced or reviewed by any other court.

3d. The appellants claim, that the court below erred in leaving it to the option of the board of commissioners to pay the costs and damages in ninety days, after the jury had found the road petitioned for to be a road of public utility. We can see no error in this order of the court. Where a majority of the viewers, appointed by the board, assess and report damages in favor of a remonstrant, the law leaves it to the option of the board to pay the costs and damages out of the county treasury; and we can·see no reason why the board should not have the same option where the remonstrant's damages have been assessed by a jury. The fact that the jury have found the road to be of public utility can make no possible difference on this point, for the reason that reviewers to assess damages are never appointed until after viewers have reported the proposed road to be of public utility.

4th. It is claimed by the appellants, that the court below erred in ordering the appellants to pay any part of the costs, or of the damages assessed, in this cause. So far as the damages were concerned, we do not find that the court made any order, requiring the appellants to pay any part of the damages. The order of the court gave the appellants the option to pay the damages or not, within ninety days; but the payment, if made, was to be made of choice and not of compulsion. In regard to the costs,

it seems very clear to us that the appellants have no right to complain of the order of the court below on this subject. This question of costs is the most important question in this case, and we will notice it more fully when we come to the consideration of the appellees' cross-errors.

5th. The last alleged error, assigned by the appellants, is, in the main, a resume of the preceding errors, and presents no question for our consideration which we have not already noticed. The appellants' theory of this case seems to be this: that when the jury found the proposed highway to be of public utility, the board of commissioners of Cass county at once became liable for the damages assessed and the costs of suit, and that the court below had the power to tax both costs and damages against said board, and to compel the payment thereof. It might be well, very possibly, if this theory were the law, but we are bound to say that, in our opinion, it is not the law. Our conclusion is, that there is no error in the record of this cause, of which the appellants can complain.

The appellee Samuel S. Metsker has assigned on the record of this cause several alleged errors, which call in question the order of the court below requiring him to pay the one-half of the costs in this cause. It appears by a bill of exceptions, which is properly in the record, that the appellee Metsker, at the proper time, moved the court below to set aside so much of its order as required him to pay the one-half of the costs; which motion was overruled, and the appellee Metsker excepted. The question is, therefore, fairly before us, did the court below err in taxing the appellee Metsker with the one-half of the costs of this cause?

It is provided by the 26th section of the highway act, that "Any person aggrieved by any decision of any board of commissioners, may appeal therefrom to the circuit or common pleas court of such county," etc. 1 R. S. 1876, p. 533. It would seem, from the record of this cause, that the appellee Metsker availed himself fully of this

provision of the statute; for it appears that on the same day he took two separate appeals in this cause from the board of commissioners to the court below. One of these appeals involved the question of the "public utility" of the proposed highway; and the other presented the question, whether or not the appellee Metsker would be damaged, and to what amount, by the establishment of said highway. These two appeals were separately docketed, in the court below, as separate and independent actions, and were continued as such from term to term, from the May term, 1871, to the December term, 1872, of the court below. At said December term, 1872, "on motion," but the record fails to disclose on whose motion, the two causes or appeals were consolidated. Afterward, at the September term, 1873, of the court below, the consolidated cause was tried by a jury, and the aforementioned verdict was returned. Evidently, there were two issues involved in the consolidated cause, as the same was tried by the jury: 1. Was the proposed highway of "public utility?" 2. If it was, would the appellee Samuel S. Metsker sustain damages, and to what amount, by the establishment of the proposed highway? On the first of these issues or questions, the jury found for the appellants, but, on the second, the finding of the jury was in favor of the appellee Metsker.

On this state of facts, it seems to us that it would have been unjust and inequitable to have taxed the entire costs of the consolidated case against the appellants. The appellee Metsker had very unnecessarily, in our opinion, made two cases out of one, and they had been continued as separate cases, in the court below, for about eighteen months, before they were consolidated. It would be manifestly right for the appellee Metsker to pay the costs made in the first case before consolidation, and manifestly wrong to require the payment thereof by the appellants.

In the 36th section of "An act providing for the organi-

zation of county boards," etc., approved June 17th, 1852, it is provided, that all appeals taken from the county board to the circuit or common pleas court "shall be heard, tried and determined as an original cause." 1 R. S. 1876, p. 357. In the last clause or sentence of the 400th section of the practice act, it is provided, that, "where there are several causes of action embraced in the same complaint, or several issues, the plaintiff shall recover costs upon the issues determined in his favor, and the defendant shall recover costs upon the issues determined in his favor." 2 R. S. 1876, p. 196.

In this cause, as consolidated, as we have seen, there were two issues presented to the jury for trial. By their verdict, the jury determined the first of these issues, the public utility of the proposed highway, in favor of the appellants. Under the provision of the code we have cited, upon the issues thus determined in their favor, the appellants were entitled to a judgment against the appellee Metsker, for their costs. Whether the costs on this issue amounted to just one-half, or to more or less than one-half, of the entire costs of the action, the record fails to disclose. The evidence is not in the record, and, in the absence of the evidence, we will presume, in favor of the decision of the court below, that its order requiring the appellee Metsker to pay the one-half of the costs of the action, on the issue determined against him, is right and for the right amount.

The appellee The Board of Commissioners of Cass County has also assigned certain cross-errors on the record of this cause, which fairly present the question, whether or not, in such a case as this, the board of county commissioners is a necessary, or even a proper, party to the cause. In this case, the question is one of but little, if any, practical importance, as no order or judgment was made by the court below either for or against the county board. As the question is made in this case, however, not only by an assignment of errors, but by an argument of

the question in behalf of the appellee The Board of Commissioners of Cass County, it seems proper that we should express our opinion on the question presented.

It is very clear, we think, that the appellee The Board of Commissioners was not a necessary party to either of the appeals taken from its decisions, in this cause, to the court below. In the case of *Wright* v. *Wells*, 27 Ind. 65, it was held by this court, that, where an appeal was taken from an order of the county board, establishing a public highway, " the board was not a necessary party." This was the only point for decision. in the case cited, and was correctly decided. But the opinion in the case contains a *dictum*, to the effect that, where the appeal is taken from the order of the board on the subject of damages, possibly the board would be a necessary party, " inasmuch as the damages obtained might be ordered to be paid out of the county treasury." In our opinion, this expression of opinion is incorrect, and the reason assigned for it is untenable. For, as we construe the law on this subject, the question as to whether the costs and damages shall be paid out of the county treasury or not, is a question solely for the consideration and determination of the county board. If " the board shall consider the proposed highway," etc., " to be of sufficient importance to the public, they shall order the costs and damages to be paid out of the county treasury." This is the language of the statute on this subject, and, in our opinion, it leaves the matter entirely and exclusively within the discretion of the county board. No other court or tribunal is clothed by law with any jurisdiction over the subject; nor can any other court or tribunal compel a county board to consider any proposed highway to be of public importance, or order the county board to " order the costs and damages to be paid out of the county treasury." In the location, opening, vacation, or establishment of public highways, the county board is merely a court to hear and determine, under and according to law, the rights of the parties litigant before it. In such

cases as these, on an appeal from a decision of the county board to the circuit court, it can never be necessary, nor even proper, in our opinion, to make the county board a party to the cause on such appeal. For if, on such appeal, the circuit court should determine that any further action by the county board was required in the cause, it is provided, in the 37th section of the act in relation to county boards, that the circuit court "may send the same down to such board, with an order how to proceed, and may require such board to comply with the final determination made by such court in the premises." 1 R. S. 1876, p. 357. In so far as the conclusion we have reached in this case is in conflict with the opinion expressed in the case of *Wright* v. *Wells, supra,* the latter case is overruled.

In our opinion, the court below erred, in overruling the motion of the appellee The Board of Commissioners of Cass County for the dismissal of this cause as to said appellee; but as the court made no order or judgment against said appellee, this error will not affect our decision of this cause.

Upon the whole case, our conclusion is, that the court below committed no errors in this cause, of which either the appellants or the appellee Metsker can complain.

The judgment of the court below is affirmed, at the costs of the appellants.