HAYES v. THE BOARD OF COMM'RS OF KOSCIUSKO CO.

HIGHWAY.—*Damages Assessed.*—*Discretion of County Commissioners.*—Where damages are awarded as a condition precedent to the opening of a public highway, it is discretionary with the board of commissioners, under the statute, whether they will order the same to be paid out of the county treasury.

SAME.—*Payment of Damages by Petitioners.*—*Liability of County.*—Where such board refuse to so order the payment of such damages, the petitioners for the highway may, or may not, at their option, pay the same, but can have no recourse therefor, on payment, against the county.

From the Kosciusko Circuit Court.

*C. Clemans, J. H. Taylor* and *L. W. Royse*, for appellant.

*J. H. Carpenter* and — *Cook*, for appellee.

WORDEN, J.—Action by the appellant, against the appellee.

Demurrer to the complaint for want of sufficient facts sustained, and exception; final judgment for the defendant.

Error is assigned upon the ruling of the court upon the demurrer.

The material facts alleged in the complaint are, that the appellant and seventeen others filed their petition before said board, at its December session, 1869, for the location of a certain highway, which is described; that, at a subsequent term of the board, David Wiley and Margaret Rhodes filed a remonstrance against the petition, and such proceedings were had before the board as that at its March term, 1872, the road was adjudged to be of public utility, and ordered to be opened as a high-

way. From this order of the board, said Wiley and Rhodes appealed to the court of common pleas of the county, where the cause was tried by a jury, who found that the proposed highway was practicable and of public utility, and assessed the damages of Wiley and Rhodes at the sum of one hundred and sixteen dollars; and the court, at its September term, 1872, made a final order declaring the proposed highway to be of public utility, and that the same be opened and maintained as such, and directing that such damages should be first paid by the petitioners; that the residue of the highway was opened, except that part upon the land of David Wiley and Margaret Rhodes; and the plaintiff avers, that he paid said sum of one hundred and sixteen dollars to the clerk of said court on the 9th day of October, 1872, and the said David Wiley and Margaret Rhodes received the same before the highway was opened; that the plaintiff was compelled to pay the same, or let said order be vacated; that the road is now used as a public highway, and was opened upon the payment of the money of the plaintiff; that the defendant is indebted to the plaintiff in said sum of one hundred and sixteen dollars for money paid and laid out for the defendant, which remains wholly unpaid. Wherefore, etc.

The question arises, whether the county is bound to refund to the plaintiff the amount thus paid by him for the damages assessed in favor of those who were injured by the opening of the road through their lands. We think the county is not thus bound. A proposed highway may be of public utility, and yet it may not be of sufficient importance to the public to justify the payment of damages out of the county treasury. It may be of sufficient public utility to call into exercise the right of eminent domain, and to authorize it to be laid out upon the lands of private persons, upon the payment of the damages occasioned thereby, and yet not of sufficient public impor-

tance to require those damages to be paid out of the public treasury.

The statute leaves it to the board of commissioners to determine when the damages are to be paid out of the county treasury.

That body can make such order only when it shall consider the proposed highway to be of sufficient importance to the public. The statute also clearly contemplates that damages may be paid by those who desire the establishment of the proposed highway, for it provides, that " No such highway shall be opened, worked or used, until the damages assessed therefor shall be paid to the persons entitled thereto, or deposited in the county treasury for their use, or they shall give their consent thereto in writing filed with the auditor of such county." 1 R. S. 1876, pp. 532–3, secs. 21, 25.

Where the board refuse to order the damages paid out of the county treasury, the parties petitioning for the road are not obliged to pay them. It is optional with them whether they will do so or not. They may forego the establishment of the road, if they choose to do so. *Jamieson* v. *The Board of Comm'rs of Cass Co.*, 56 Ind. 466. If they pay the damages, and thereby secure the establishment of the highway, they can have no claim upon the county for reimbursement. If damages thus paid could be recovered from the county, the Legislature might as well have provided that in all cases the damages should be paid out of the county treasury, without reference to the question, whether the highway was of sufficient public importance to justify the payment out of the public treasury.

The judgment below is affirmed, with costs.