THE BOARD OF COMMISSIONERS OF GRANT CO. v. SMALL. ·

HIGHWAY.—*Remonstrance.*—*Assessment of Damages.*—*Verdict.*—*Judgment on Verdict.*—*Discretion of County Commissioners.*—*Parties.*—*Waiver.*—*Case Overruled.*—A remonstrant against the opening of a highway, who claimed damages which were disallowed, appealed to the Circuit Court, wherein the cause was docketed in his name as plaintiff, and in the name of the board of commissioners as defendant, and the cause was tried by a jury, who returned a verdict "for the plaintiff," that he would " be damaged by the location and opening of the contemplated road, in " a specified sum.

*Held*, that the verdict was in favor of the remonstrant.

*Held*, also, that a motion made by such board, that judgment be rendered against the petitioners for such damages, was properly overruled.

*Held*, also, that a motion made by such board, that the cause be remanded to them, with directions to open the road on payment by the petitioners of the damages assessed, was properly overruled.

*Held*, also, that a judgment " that the cause be remitted back to the commissioners, to carry out the findings of the jury" therein, was proper.

*Held*, also, that in such action the petitioners were the proper plaintiffs, and the remonstrant the proper defendant.

*Held*, also, that such board was neither a proper nor necessary party to the action, but having appeared thereto, and joined in the trial, without objection, they can not first raise such question in the Supreme Court.

*Held*, also, that the board might; in their discretion, order the payment of such damages out of the county treasury. *Jamieson* v. *The Board, etc.*, 56 Ind. 466, overruled *Logan* v. *Kiser*, 25 Ind. 393, on this point.

*Held*, also, that such damages might be paid by the petitioners, at their option, but that such highway can not be opened until they are paid.

SAME.—*Bill of Exceptions.*—*Motion to Dismiss Cause.*—*Supreme Court.*— To make the overruling of a motion to dismiss an appeal to the Circuit Court from an order of a board of commissioners, part of the record on appeal to the Supreme Court, such motion and ruling must be embodied in a bill of exceptions.

From the Grant Circuit Court.

*R. W. Bailey* and *A. Diltz*, for appellant.

*I. Van Devanter*, for appellee.

WORDEN, J.—Certain parties filed their petition before the board of commissioners of Grant county, for the location and establishment of a highway, and viewers were appointed who reported that the proposed highway was of public utility.

Nathan Small, the appellee, remonstrated, and claimed damages, and reviewers were appointed, who returned a report disallowing any damages. Small appealed to the circuit court, where the cause was tried by a jury, who returned the following verdict, viz. :

" We, the jury, find for the plaintiff, and find that he will be damaged by the location and opening of the contemplated road, in the sum of one hundred and two dollars."

We may note that the cause was docketed in the court below in the name of Small, as plaintiff, against the board of commissioners, as defendants. The verdict, therefore, was clearly in favor of Small.

The defendant below then moved as follows :

" Now comes the board of commissioners and moves the court to render judgment in the above entitled cause against the petitioners, or to order the matter back to the commissioners, with directions that, on the payment by the petitioners of the damages found by the jury, they open the road."

This alternative motion was overruled, and exception was taken.

The court then made the following order in the matter :

" It is therefore considered by the court, that the cause be remitted back to the commissioners, to carry out the findings of the jury in this cause."

The appellant has assigned the following errors :

" 1st. The circuit court overruled the motion of appellant to render judgment against the petitioners, or refer the matter back to the commissioners, with instructions

to open the road, on the payment of the damages by the petitioners.

"2d. The overruling of the motion to dismiss the case on account of the insufficiency of the transcript.

"3d. The judgment of the court is null and void: 1. The board of commissioners is not a proper party; the controversy was between the appellee and the petitioners; 2. The court had not power to render judgment against the board."

We will consider these supposed errors in their order:

The 21st section of the act on the subject of highways, 1 R. S. 1876, p. 532, authorizes the board of commissioners to order the costs and damages, where damages are assessed, to be paid out of the county treasury, if the board shall consider the proposed highway to be of sufficient importance to the public. The 25th section of the same act provides, that " No such highway shall be opened, worked, or used, until the damages assessed therefor shall be paid to the persons entitled thereto, or deposited in the county treasury for their use, or they shall give their consent thereto in writing filed with the auditor of such county."

It is thus seen that it is in the discretion of the board whether the damages shall be paid out of the county treasury, depending upon the judgment of the board as to whether the proposed road is of sufficient importance to the public. It is also seen that the amount of the damages assessed may be paid into the county treasury, for the use of the persons entitled thereto. The provision of the statute clearly contemplates that the petitioners for the road, and perhaps any other person interested, may pay the money into the county treasury, for the use of the party in whose favor damages may have been assessed. But the statute does not make it obligatory upon the petitioners to pay into the treasury the damages assessed. If the board of commissioners refuse to pay the damages out of the county treasury, it does

not therefore follow, that the petitioners are obliged to pay them. They may pay them or not, at their option. To be sure, if the commissioners do not pay the damages out of the county treasury, and they are not paid by the petitioners or others, the highway can not, without consent, be opened, worked or used. The petitioners in such case may pay the damages, or forego the opening of the road, at their option.

The first branch of the appellant's motion contemplates, as we understand it, a judgment against the petitioners for the damages assessed. This branch of the motion was properly overruled, because, as we have seen, it was discretionary with the petitioners, whether they would pay the damages, in case they were not paid out of the county treasury, or forego the opening of the road.

The second branch of the motion contemplated directions to the commissioners to open the road, on the payment by the petitioners of the damages assessed. This branch of the motion was properly overruled, because it was too narrow, and precluded the idea of opening the road on the damages being paid out of the county treasury, in case the board should deem it of sufficient public importance. The board had a right to order the damages paid out of the county treasury; and, had they done so, the order contemplated by the motion to open the road on the payment of the damages by the petitioners should not, of course, be made.

The order which the court did make was right. The court remitted the cause back to the commissioners, " to carry out the findings of the jury in this case."

The counsel for the appellant claim that the order of the court amounts to a direction to the commissioners to pay the damages out of the county treasury, and in this view, we infer, the counsel for the appellee concurs. We, however, do not think the order of the court admits of such construction.

Vol. LXI.—21

The Board of Commissioners of Grant Co. v. Small.

The cause was sent back to the commissioners, "to carry out the findings of the jury." The findings of the jury were, that Small "will be damaged by the location and opening of the contemplated road, in the sum of one hundred and two dollars." The verdict did not profess to find that the county, or indeed any one else, should pay the damages. It simply settled that Small would be entitled to the damages, and, as a legal consequence, that the road could not, without consent as provided for, be opened, or worked, or used, until those damages were paid, either out of the county treasury or in the mode prescribed by the 25th section of the statute hereinbefore set out.

Under the order of the court, the case went back to the commissioners for the action of that body, and occupied the same position substantially as if the reviewers had assessed the damages. The board could order the damages to be paid out of the county treasury or not, and could take such action in the case as might be proper, in accordance with law.

In the case of *Jamieson* v. *The Board of Comm'rs of Cass Co.*, 56 Ind. 466, it was held, that the circuit court could not, in such case, direct the payment of damages out of the county treasury, as that was a matter resting entirely in the discretion of the board.

The case above cited substantially overrules that of *Logan* v. *Kiser*, 25 Ind. 393, to which the attention of the court does not appear to have been called.

In the case before us, there was no attempt whatever made to determine whether the board should or should not pay the damages, but the matter was left entirely for the determination of that body.

We proceed to the second assignment of errors, in reference to which we observe that there is no bill of exceptions in the record showing that any motion was made or overruled to dismiss the cause on account of the in-

sufficiency of the transcript. Such motions, and the reasons for them, can only appear by bill of exceptions.

In regard to the third assignment of errors, it may be observed that the board of commissioners was not a necessary or proper party. We think in such case the petitioners are the proper plaintiffs, and the remonstrants, or those who oppose the petition, are the proper defendants. The controversy is between those two parties, and the board has nothing to do with the controversy as a party. The board is the tribunal before which such causes are tried, and not a party to the causes.

But the board of commissioners was named all through this case as party defendant. It appeared to the action, and proceeded in it to the end of the case, without raising any question as to the propriety of being made a party. No question in this respect was made in the court below, and it is too late, in our opinion, to make a question of this kind for the first time in this court.

The board acted as a party defendant below, without objection, and it can not now be heard to object to what it did by consent.

The judgment below is affirmed, with costs.