Schmied *v.* Keeney *et al.*

---

No. 7992.

SCHMIED *v.* KEENEY ET AL.

HIGHWAY.—*Relocation of.*—*Appeal.*—*Change of Venue.*—*Practice.*—Appeals from the order of a board of commissioners, establishing or relocating a highway, are placed, by section 36 of the act concerning county boards, 1 R. S. 1876, p. 357, on the same footing as ordinary civil actions, and a change of venue thereof from the judge, for cause, may be granted.

SAME.—*Names of Owners of Lands.*—*Evidence.*—*Motion to Dismiss.*—If, upon trial of such action, the evidence showed that the names of all the owners, occupants or agents of the lands through which the road

would pass, were not set forth in the petition, it is a matter of defence and not a cause for dismissing the action.

SAME.—*Trial de Novo on Appeal.*—Upon an appeal from an order of a board of commissioners establishing or changing a highway, the cause must be tried *de novo*; that is, all questions in issue before the commissioners must be again tried in the circuit court.

SAME.—*Remonstrance.*—*Answer.*—*Issue.*—A remonstrance filed either against the public utility of the proposed highway, or on account of damages, constitutes an answer to the petition, and tenders an issue which must be examined by the commissioners, and must be again tried, on appeal, in the circuit court.

SAME.—Where the remonstrance is against the public utility of the road, and on account of damages, two issues are presented, which must be tried by the circuit court on appeal.

SAME.—*Right to Remonstrate.*—*Public Utility.*—*Damages.*—*Waiver.*—The right to remonstrate against the utility of a road is not waived by first remonstrating on account of damage.

SAME.—*Parties, Petitioner and Remonstrant.*—*Practice.*—In such case the petitioner ought to be made the plaintiff and the remonstrant the defendant in the circuit court.

SAME.—*Appeal.*—*Board of Commissioners not Proper Party.*—*Supreme Court.*—The board of commissioners is not, either in the circuit or Supreme Court, a proper or necessary party to an appeal from an order of such board establishing or relocating a public highway.

From the Switzerland Circuit Court.

*S. Carter, W. R. Johnston, J. A. Works* and *J. D. Works*, for appellant.

*W. D. Ward* and *T. Livings*, for appellees.

NIBLACK, J.—William J. Keeney and fourteen other citizens and freeholders of Switzerland county filed their petition before the board of commissioners of that county, praying for certain changes in one of the highways of the county. Viewers were appointed to examine and report upon the public utility of the proposed changes, who reported in favor of their public utility.

Thereupon the appellant, Charles Schmied, one of the persons through whose lands the proposed new and relocated highway was to run, remonstrated against the injury which was about to be inflicted upon him, and asked that reviewers

Schmied *v.* Keeney *et al.*

might be appointed to assess his damages. Reviewers were accordingly appointed, who assessed the appellant's damages at the sum of $83.00.

The appellant then, in conjunction with one Felix Carver, remonstrated against the public utility of the proposed changes of the highway, which remonstrance was rejected by the board of commissioners.

The board then ordered the new road, as it had been designated by the viewers, to be opened and established as a highway, and the damages assessed in favor of the appellant to be paid out of the county treasury.

The appellant then appealed to the circuit court, where, upon the application of the appellant and over the objection of the appellees, the venue was changed from the judge of that court, and a judge from an adjoining circuit was called to try the cause.

A jury was empanelled to try the issues between the parties, the appellant being designated as the plaintiff, and the appellees as defendants, upon that trial; and, after some of the evidence had been heard, the appellant moved to dismiss the cause, upon the ground that the evidence showed that the names of all the owners, occupants and agents of the lands through which the proposed changes in the highway would pass, were not set forth in the petition; but the motion was overruled.

After several days had been spent in the examination of witnesses, as to the public utility of the contemplated changes in the highway, and the damages to which the appellant would be entitled on account of such changes, the court announced, in the presence of the jury, that it was not necessary for the petitioners to introduce any evidence of the utility of the proposed new road, and that all the testimony which had been given on that subject would be withdrawn from the jury; that the only question before the jury was as to the amount, if any, which the appellant was entitled

Schmied *v.* Keeney *et al.*

to recover on account of the changes which were to be made in the highway, and that upon all other questions the appellees had a *prima facie* case in their favor, and were not required to offer any evidence to sustain their petition, the burden of proof as to the damages being upon the appellant.

At the proper time the court instructed the jury as follows: "The only question submitted to you for your finding is, whether or not Mr. Schmied's farm will be damaged by laying out and maintaining the proposed road through his lands, and, if so, how much damages is he entitled to?"

The jury returned a verdict assessing the appellant's damages at the sum of $375.00, and over motions for a new trial, severally interposed by both parties, the court rendered judgment in his favor for that sum and costs, to be paid out of the county treasury, and ordered that the new road be opened and established as prayed for in the petition.

Errors are assigned, amongst other things, upon the refusal of the court to dismiss the action, and the overruling of the appellant's motion for a new trial.

The appellees have assigned cross error upon the granting of the change of venue from the judge of the court below, upon the alleged ground that this proceeding was not a "civil action," within the meaning of the statute providing for changes of venue in certain enumerated cases, and that hence there was no law authorizing a change of venue from the judge in a case like this. But we see no error in the change of venue complained of.

In the first place, this was an adversary proceeding in the court below, and was, in all its essential qualities, a civil action.

In the next place, section 36 of the act concerning county boards, 1 R. S. 1876, p. 357, which has relation generally to appeals from boards of county commissioners, provides that all such appeals shall be docketed in the circuit court among the other causes pending therein, and shall be heard, tried

and determined as an original cause, thus placing the proceeding appealed from, when it reaches the circuit court, upon the same footing as an ordinary civil action.

We are unable to see any defect upon the face of the petition, for which the cause ought to have been dismissed by the circuit court, and if the evidence showed upon the trial that the names of all the owners, occupants and agents of the lands through which the new road was to pass, were not set forth in the petition, that was a matter to be urged in defence, and not a cause for dismissing the action.

It is a well established rule of practice, that, upon an appeal from an order of a board of commissioners establishing or changing a highway, the cause must be tried *de novo;* that is to say, that all questions in issue before the commissioners must be again tried in the circuit court.    *Scraper* v. *Pipes*, 59 Ind. 158 ; *Coyner* v. *Boyd*, 55 Ind. 166 ; *Malone* v. *Hardesty*, 1 Ind. 79 ; *Taylor* v. *Lucas*, 8 Blackf. 289 ; *Beeler* v. *Hantsch*, 5 Blackf. 594.

Where a remonstrance is filed by the owner of lands along the line, either against the public utility of the proposed highway, or on account of the damages he will sustain by reason of the laying out and establishment of such highway, such remonstrance constitutes an answer to the petition, and tenders an issue which must be examined by the commissioners, and must be tried on an appeal to the circuit court.

Where such land-owner remonstrates against the public utility of the road, and also on account of the damages, two issues are presented which must be tried in the circuit court on an appeal from proceedings to establish the highway.

But the appellees contend that where, as in this case, a land-owner first remonstrates on account of the damages, he waives his right to remonstrate against the utility of the road, and that such a remonstrance, afterward filed, raises no question as to such utility.    But section 23 of the act

concerning highways, 1 R. S. 1876, p. 533, reserves to a land-owner upon the line the right to remonstrate against the utility of a proposed road at any time before final action is had on the petition. The right to remonstrate against the utility of a road is not, therefore, waived by first remonstrating on account of the damages. *Sparling* v. *Dwenger*, 60 Ind. 72.

A remonstrance having been filed in this case, with the commissioners, before final action on the petition, the court below erred in withdrawing from the jury the evidence which had been introduced touching the utility of the changes of road prayed for in the petition, and instructing the jury that the only question they were required to consider was the amount of damages, if any, to which the appellant was entitled by reason of the new and changed highway running through his farm.

It is objected that Carver ought to have been joined in this appeal; but we think that objection is not well founded. Carver was not a party to the proceedings in the circuit court, and had no joint interest with the appellant in the subject-matter of the action.

In this case, the petitioners ought to have been made the plaintiffs, and the remonstrant the defendant, in the circuit court.

The board of commissioners of Switzerland county is made one of the appellees in this court; but that board was not in the circuit court, nor is it here, either a necessary or proper party to this proceeding, and we consequently make no order here affecting its interests in any way, as if it were a proper party to this appeal. *Jamieson* v. *The Board of Commissioners of Cass Co.*, 56 Ind. 466; *The Board of Commissioners of Grant Co.* v. *Small*, 61 Ind. 318.

The judgment is reversed, at the costs of the appellees, who were the petitioners below, and the cause remanded for a new trial.