No. 10,647.

## WILKINSON ET AL. *v.* BIXLER ET AL.

HIGHWAYS.—*Location of.—Damages.— Discretion.— Appeal.— Jurisdiction.— County Commissioners.*—There was a remonstrance for damages for estab-lishing a highway, and an appeal to the circuit court, where damages were awarded, and the case remanded to the board of commissioners, to carry out the award if the board should deem the highway of sufficient importance. The board, upon petition to pay the damages and open the highway, refused to pay the damages out of the county treasury, and then, on petition to that effect, ordered their payment upon proof that the petitioners had paid one-half the amount into the treasury, and that the highway be established.

*Held,* that the payment of the damages, with or without contribution of part by the petitioners, was a matter of discretion which could not be controlled, and that there was no appeal therefrom.

*Held,* also, that the refusal first made to pay the damages out of the county treasury was not final, and did not exhaust the jurisdiction of the board.

From the Gibson Circuit Court.

*R. M. J. Miller* and *J. D. Skelton,* for appellants.

*S. M. Holcomb, Jr.,* and *J. E. McCullough,* for appellees.

ZOLLARS, J.—At the December term, 1880, of the board of commissioners of Gibson county, appellees filed a petition

praying for the establishment and opening of a highway. Viewers were appointed, who, at the March term, 1881, reported that the proposed highway would be of public utility. Appellants filed a remonstrance, based upon the ground that they would suffer damages by the opening of the proposed road, and asked that reviewers might be appointed to assess the damages. Reviewers were appointed, who reported at the June term, disallowing damages. The report was approved by the board, and an order made for the establishment and opening of the highway. From this order appellants appealed to the circuit court, where the case was tried by a jury at the September term, and a verdict rendered that appellant Amos C. would be damaged in the sum of $30, and appellant Newton in the sum of $139 by the opening of the proposed road. Upon motion of appellants the court awarded costs to them, and made an order remanding the case to the board of commissioners to carry out the verdict of the jury, if, in its discretion, the board should deem the proposed highway of sufficient public importance. After the case had been certified back to the board, appellees filed a petition asking that the damages awarded by the jury should be paid out of the treasury of the county and the highway opened.

The record states the action of the board upon this petition as follows: "And the board, being sufficiently advised in the premises, overrules said petition, and refuses to pay said damages out of the treasury of said county."

Upon the overruling of this petition appellees filed another, asking the board to pay the damages out of the county treasury after proof that appellees had paid into said treasury one-half of the amount. This the board agreed to; and upon such proof being made, ordered that the damages be paid out of said treasury, and that the highway be opened and kept in repair as a public highway.

From this order appellants again appealed to the circuit court. In that court they moved to dismiss the second petition of appellees filed before the board, upon the ground that

it, and the order of the board made thereon, were without authority of law. Before a ruling was made upon this motion, appellees interposed a motion to dismiss the appeal. This motion was sustained, appellants excepted, prosecute this appeal, and assign the dismissal for error.

In asking a reversal of the judgment, counsel for appellants contend that, when the board of commissioners overruled the petition and refused to pay the whole amount of the damages out of the county treasury, it was a final order and adjudication that the highway should not be opened, and exhausted the power of the board to entertain further petitions or motions, or make further orders in the case; and that, in any event, the action of the board in sustaining the petition to pay the damages out of the public treasury, on condition that appellees first pay therein one-half of the amount, should not be sustained. It should be borne in mind that when the case was remanded to the board of commissioners, every question in it had been settled, except the payment of the damages. The question of the public utility of the proposed road had been settled by the report of the viewers, which had not been called in question by remonstrance or otherwise. The question of the amount of damages had been settled by the verdict of the jury. For a determination as to whether or not the damages should be paid out of the treasury of the county, the case was remanded to the board. *Board, etc.,* v. *Small,* 61 Ind. 318. It is apparent upon an inspection of the order of the board in overruling the first petition of appellees, that the board did not intend to, and did not, pass upon the question of the final opening of the highway. The petition was double —asking for the opening of the highway, and the payment of the whole amount of damages out of the public money. This petition, as a whole, the board refused, with the specific statement that it refused to pay the damages out of the treasury of the county. Until the payment of the damages by some proper party, the highway could not be opened. 1 R. S. 1876, p. 533, sec. 25. But the refusal of the board to pay the whole

of it out of the treasury of the county did not deprive the petitioners of the right to pay the same, or any portion thereof, into the said treasury for the use of appellants, and did not take from the board the authority to pay the remaining portion out of the treasury, and make the final order opening the highway.

It is settled by the adjudications of this court that the petitioners may pay the damages so assessed, and that such payment is neither improper morally, nor legally wrong. *Cummins* v. *Shields*, 34 Ind. 154; *Hayes* v. *Board, etc.,* 59 Ind. 552.

In the case of *Doctor* v. *Hartman*, 74 Ind. 221, cited by counsel, the question involved and decided was different from that under discussion. In that case the viewers reported that the proposed highway would not be of public utility. It was held that, the report being regular, it was incumbent upon the board to approve it, and make a final order that the road should not be opened; and that, having made such order, the board had no authority afterwards to set it aside, reject the report of the viewers and appoint others. Section 5021, R. S. 1881, which is the same as section 21, 1 R. S. 1876, p. 532, provides that "If a majority of reviewers assess and report damages in favor of the objector, and the board shall consider the proposed highway, * * * to be of sufficient importance to the public, they shall order the costs and damages to be paid out of the county treasury," etc.

The power and duty of the board are the same under this statute, whether the damages be assessed by reviewers, or by a jury, as in this case. *Jamieson* v. *Board, etc.,* 56 Ind. 466.

This statute makes the question of paying the damages out of the county treasury one solely for the consideration and determination of the board of commissioners. It is a matter exclusively within the discretion of the board, and its judgment and determination in that regard can not be controlled, coerced, or reviewed by any other court. Whether the whole or the one-half of the damages should be thus paid out of the public treasury, the other half having been paid by the peti-

tioners, was a question which the board had the exclusive right to determine; and, having determined it, that determination can not be reviewed upon appeal to the circuit court. *Jamieson* v. *Board, etc., supra; Board, etc.,* v. *Small, supra.* It follows, therefore, that the dismissal of the appeal by the court below is not an available error.

The judgment is affirmed, at the costs of appellants.