Fleming *et al. v.* Hight *et al.*

Filed April 19, 1884.

No. 11,195.

FLEMING ET AL. *v.* HIGHT ET AL.

GRAVEL ROADS.—*Appeal.*—*County Commissioners.*—One who, in proper time, files an affidavit showing a substantial interest in the subject, and that he is aggrieved, and a proper bond, has a right to appeal from an order of the county commissioners establishing and ordering the construction of a gravel road, though he did not appear before the board.

SAME.—*Trial.*—In such case the circuit court tries the cause *de novo*, and does not sit as a court for the correction of errors.

From the Monroe Circuit Court.

*E. K. Millen* and *M. F. Dunn*, for appellants.

*J. W. Buskirk* and *H. C. Duncan*, for appellees.

NIBLACK, J.—The board of commissioners of the county of Monroe met in special session on the 25th day of April, 1883, to consider a petition which had been filed by Wallace Hight and five others, land-owners of the county and immediate vicinity, with the county auditor, praying for the construction of a macadamized or gravel road on what is known as the Martinsville road, commencing at a point in said road on the corporation line on the north side of the city of Bloomington, in said county of Monroe, and running thence along or near said road to a point where said road intersects the north line of Bloomington township in that county.

After considering the petition, the board appointed three disinterested persons as viewers and an engineer to view the proposed route, and, in case they found the improvement petitioned for a work of public utility, to lay out and locate the

same, fixing the 21st day of May then next ensuing as the day on which they were to assemble for that purpose.

At the succeeding June term of the board, the viewers thus appointed reported that they had examined the premises described in the petition and found the proposed work to be one of public utility; that they had laid out and marked the line of road which the petitioners desired to have constructed; that they had made assessments against the owners of the lands to be benefited, submitting a list of their assessments.

No one appeared to resist the report of the viewers, and nothing being shown against the recommendations which it contained, the board accepted and approved the report, and ordered the road, as laid out and marked by the viewers, to be established and constructed, defining its width and giving directions as to the manner of its construction.

Within the time limited for appeals in such cases, Stephen Fleming and Lewis Weymer filed an affidavit with the county auditor, stating that they were aggrieved by the decision of the board ordering the proposed macadamized or gravel road to be constructed, and enumerating the particular respects in which they were so aggrieved; also stating that they were interested in the proceedings which had taken place as above, in this, that they were owners of real estate, each of the value of $1,000, situate within one mile of the proposed line of road, which real estate would be affected by the construction of said road, and praying an appeal to the circuit court.

This affidavit being accompanied by an appeal bond, with surety to the satisfaction of the auditor, an appeal was accordingly granted.

In the circuit court the attorneys for the petitioners moved to dismiss the appeal upon the alleged grounds: *First.* That the appeal had been prematurely taken, that is, before the cause had been finally disposed of by the board of commissioners. *Second.* That the matters presented by the affidavit filed by the appellants were such as could not be tried in the circuit court. *Third.* That no questions, except those of a jurisdic-

tional character, were presented by the record, and that, by reason of the non-appearance of the appellants to the proceedings before the board of commissioners, all objections to the questions thus presented had been waived. *Fourth.* That as the appellants did not appear before the board of commissioners, their affidavit and appeal bond did not make them proper parties to the cause in the circuit court. The circuit court sustained the motion and dismissed the appeal, and it is from that decision that this appeal is prosecuted.

The order of the board of commissioners establishing the road laid out and marked by the viewers, and directing its construction, was such an order as might be appealed from to the circuit court. This construction of the statute authorizing appeals from the decisions of boards of commissioners is sustained by numerous precedents in highway and other analogous cases decided by this court. *Logan* v. *Kiser*, 25 Ind. 393; *Smith* v. *Scearce*, 34 Ind. 285; *Jamieson* v. *Board, etc.*, 56 Ind. 466; *Board, etc.*, v. *Small*, 61 Ind. 318; *Schmied* v. *Keeney*, 72 Ind. 309; *Doctor* v. *Hartman*, 74 Ind. 221; *Green* v. *Elliott*, 86 Ind. 53; *Breitweiser* v. *Fuhrman*, 88 Ind. 28; *Million* v. *Board, etc.*, 89 Ind. 5; *Dillman* v. *Crooks*, 91 Ind.158.

These cases, with others which might be cited, also recognize, and, in various ways, affirm, the legal proposition that, upon an appeal from the decision of a board of commissioners in a case like this, the circuit court takes jurisdiction of the proceedings appealed from as an original cause, and not as an appellate court charged with a review merely of those proceedings upon specific objections urged, or errors assigned, by the appellant, and the appellant is not precluded by the proceedings from which he appeals, except in preliminary or incidental matters to which, when opportunity was afforded him, he failed to make objection before the commissioners. Therefore, the cases cited by counsel, which hold that certain proceedings had before boards of commissioners are impervious to collateral attack, have no application to cases in which such proceedings have been directly appealed

from to the circuit court, and consequently stand for trial *de novo* in that court.

It was not necessary that the affidavit of Fleming and Weymer should have specified the particular respects in which they felt aggrieved by the proceedings from which they prayed an appeal. Hence, the specification of grievances contained in their affidavit presented no question for the decision of the circuit court. The affidavit stated explicitly the nature of Fleming's and Weymer's interest in the subject-matter of the proceedings in question, which appears to have been an actual and substantial interest, and that, with the appeal bond, was sufficient to entitle them to an appeal. R. S. 1881, sections 5772, 5773; *Graham* v. *Board, etc.,* 25 Ind. 333; *Leffel* v. *Obenchain,* 90 Ind. 50; *Heagy* v. *Black,* 90 Ind. 534.

The judgment is reversed with costs, and the cause is remanded with instructions to the court below to overrule the motion to dismiss the appeal.

Filed April 19, 1884.