## STATE, EX REL. BIBLE ET AL., *v.* WHITE, AUDITOR, ET AL.

[No. 18,387.    Filed October 27, 1898.]

HIGHWAYS.— *Construction.— Remonstrance.— Damages.— Appeal.— Payment from County Treasuries.— Joint Highways.*— An action will not lie to compel the county auditors of the counties through which a joint highway was constructed to pay from the county treasuries thereof a judgment for damages recovered in the circuit court by a remonstrant on appeal from the board of commissioners, where the boards of commissioners had not determined whether the damages were equal to or less than the utility of the proposed highway, and had made no order that such damages should be paid from the county treasuries.

From the Montgomery Circuit Court.    *Affirmed.*

*Paul & Van Cleave* and *William B. Paul*, for appellants.

*Charles E. Lake* and *Francis M. Dice*, for appellees.

MONKS, J.—It appears from the record that a proceeding was brought to establish a highway in the counties of Tippecanoe and Montgomery, and that the relator Shepard filed with the board of commissioners of Montgomery county a remonstrance for damages to his real estate in Montgomery county, and was allowed $50. Said board of commissioners determined that the damages assessed were not greater than the utility of the proposed highway, and ordered that notice thereof be given to the auditor of Tippecanoe county, as required by section 6735, Burns' R. S. 1894 (5010, Horner's R. S. 1897). Afterwards the board of commissioners of each of said counties found in favor of the petition for said highway, and declared it located, and that each county pay one-half of the damages. The relator Shepard ap-

pealed, under the provisions of section 6732, Burns' R. S. 1894 (5007, Horner's R. S. 1897), from the decision of the boards in regard to damages. On the trial of said cause in the Montgomery Circuit Court said relator Shepard obtained a verdict and judgment upon his remonstrance for $450.00 damages, and an order that each of said counties pay one-half thereof. A certified copy of said judgment was delivered to the auditor of each of said counties. This action was brought by the relators, to compel, by writ of mandamus, appellees, the auditors of Montgomery and Tippecanoe counties, respectively, to issue a warrant to the relator Shepard for one-half of said damages; and the trial court rendered judgment on demurrrer against the relators.

It is settled law in this State that, in proceedings to establish highways in one county only, under the statute section 6748, Burns' R. S. 1894 (5021, Horner's R. S. 1897), the question of whether or not the damages shall be paid out of the county treasury is one solely for the consideration and determination of the board of county commissioners. *Jamieson* v. *Board, etc.*, 56 Ind. 466, 475, 476; *Hayes* v. *Board, etc.*, 59 Ind. 552; *Wilkinson* v. *Bixler*, 88 Ind. 574, and cases cited. As was said by this court in *Wilkinson* v. *Bixler*, 88 Ind. 574, on p. 577, "It is a matter exclusively within the discretion of the board, and its judgment and determination in that regard cannot be controlled, coerced, or reviewed by any other court. Whether the whole or one-half of the damages should be thus paid out of the public treasury, and the other half having been paid by the petitioners, was a question which the board had the exclusive right to determine; and having determined it, that determination cannot be reviewed upon appeal to the circuit court." It is also settled law "that the petitioners

may pay the damages assessed, and that such payment is neither improper morally nor legally wrong." *Wilkinson* v. *Bixler, supra,* p. 577. Section 6748 (5021), *supra,* provides that, if "the board shall consider the proposed highway, vacation, or change to be of sufficient importance to the public they shall order the costs and damages to be paid out of the county treasury." And the cases above cited hold that said section vests the discretion in the board of commissioners whether the damages and costs shall be paid out of the county treasury.

In *Hayes* v. *Board, etc.,* 59 Ind. 552, on p. 553, this court said, "A proposed highway may be of public utility, and yet it may not be of sufficient importance to the public to justify the payment of the damages out of the county treasury. It may be of sufficient public utility to call into exercise the right of eminent domain, and to authorize it to be laid out upon the lands of private persons, upon the payment of the damages occasioned thereby, and yet not of sufficient public importance to require those damages to be paid out of the public treasury. The statute leaves it to the board of commissioners to determine when damages are to be paid out of the county treasury. * * * The statute also clearly contemplates that damages may be paid by those who desire the establishment of the proposed highway, for it provides, that, 'No such highway shall be opened, worked or used, until the damages assessed therefor shall be paid to the persons entitled thereto, or deposited in the county treasury for their use, or they shall give their consent thereto in writing filed with the auditor of such county.'" Section 6752, Burns' R. S. 1894 (5025, Horner's R. S. 1897). Section 6752 (5025), *supra,* applies to proceedings to establish highways in one county or in more than one county.

The boards of commissioners in proceedings to establish highways in more than one county, have the same discretion in regard to whether the damages shall be paid out of the county treasury that is possessed by a board of commissioners in a proceeding to establish a highway in one county only. Before the boards of commissioners can grant the prayer of the petition in a proceeding to establish a highway in more than one county, each board must determine whether the damages assessed are greater than the utility of the proposed highway. Sections 6735, 6737, Burns' R. S. 1894 (5010, 5012, Horner's R. S. 1897). If a majority of such boards of commissioners decide that the damages are greater than the public utility of the proposed highway, the damages cannot be paid out of the treasuries of said counties. But if the highway is of public utility, and the petitioners pay the damages under the provisions of section 6752 (5025), *supra,* or so much thereof that the remainder not paid is not greater than the utility of the proposed highway, a majority of said boards may establish such highway.

After the return of the verdict in the Montgomery Circuit Court assessing the relator Shepard's damages at $450, as the question involved was as to the amount of such damages, the only power the court had was to render the proper judgment for cost, and order the case remanded to the boards of commissioners of said counties, for them to determine whether said damages were greater than the utility of the proposed highway. If such boards so determined the highway could not be established unless the petitioners would pay all the damages or such part thereof as said boards determined necessary so that the amount remaining unpaid would not be greater than the utility of the proposed highways. The rec-

ord does not show that the boards of commissioners ever ordered said $450, or any part thereof, paid out of the treasuries of said counties, or that they ever determined that said damages were only equal to or less than the utility of said proposed highway. Any judgment or order of the Montgomery Circuit Court on such appeal that the damages, or any part thereof, be paid out of the treasuries of said counties was wholly unauthorized. It follows that the relator Shepard is not entitled to have such damages, or any part thereof, paid out of the treasuries of said counties, unless the boards of commissioners of said counties shall establish said highway, and so order. The judgment is therefore affirmed.