Griffin, Secretary of State, *v.* The State, *ex rel.* Griffiths, Reporter.

No. 14,974.

GRIFFIN, SECRETARY OF STATE, *v.* THE STATE, EX REL. GRIFFITHS, REPORTER OF SUPREME COURT.

SUPREME COURT REPORTS.—*Publication and Sale.— Compensation of Reporter.—Act of 1889 Void.*—The act of March 4th, 1889 (Acts of 1889, p. 87), relating to the publication of the Supreme Court Reports and the compensation of the reporter, assumes to create an entire new system, and as that system can not be given effect, according to the legislative intent, in the absence of the provision requiring the judges of the Supreme Court to prepare the *syllabi* of all decisions, which provision has been declared unconstitutional, the whole act is invalid, and the statutes enacted prior to its passage govern.

From the Marion Circuit Court.

*J. L. McMaster* and *A. Boice,* for appellant.

*L. T. Michener,* Attorney General, *V. G. Clifford, W. F. Browder, S. Claypool, W. A. Ketcham* and *A. F. Potts,* for appellee.

ELLIOTT, C. J.—The question which this record presents may be thus stated: Shall the secretary of state accept five hundred copies of volume 117 of the Indiana reports under the laws enacted prior to March 4th, 1889, or must he receive them from the reporter under the act of March 4th, 1889? It is our judgment that the act of March 4th, 1889, is entirely destitute of validity, and that the secretary of state must proceed under the statutes enacted prior to its passage.

It is quite clear that the act of March 4th, 1889, assumes to create an entire new system, and that the essential feature attempted to be introduced by it is in violation of the Constitution and carries down the whole act. Elliott's Supp., sections 1824–1836. It assumes to change the former system by imposing upon the judges of the Supreme Court the duty of preparing the *syllabi,* and this is the keystone of the

entire system it proposes to create. The removal of this keystone, like the removal of the keystone of an arch, causes the whole to crumble and fall. It is impossible to enforce the act without judicial legislation, since reports without *syllabi* are unknown to the law, and it can not be rationally conceived that the Legislature intended to provide for a system of reporting with this essential and indispensable feature absent. The error of the Legislature consists in assuming that the duty of preparing the head-notes can be imposed upon the judges. *Ex Parte Griffiths,* 118 Ind. 83. This error pervades and poisons the whole act and causes its entire invalidity. We think it is beyond controversy that a system resting on a radical and fundamental error must fail.

The provision of the act assuming to compel the judges to prepare the *syllabi* is so interlocked and blended with the other provisions as to make a separation impossible. We understand it to be firmly established that where a separation can not be made, and the invalid provision completely detached and treated as independent, the whole act must be pronounced void. If the purpose of an act " is to accomplish a single object only, and some of its provisions are void, the whole must fail unless sufficient remains to effect the object without the aid of the invalid portion. And if they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant the belief that the Legislature in-intended them as a whole, and if all could not be carried into effect the Legislature would not pass the residue independently, then if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them." Cooley Const. Lim. 213. In *Meshmeier* v. *State,* 11 Ind. 482, WORDEN, J., in delivering the opinion of the court, said : " But it would seem that the provisions of the statute held to be constitutional, should be substantially the same, when considered by themselves, as when taken in connection with other parts of the statute

held to be unconstitutional; or, in other words, where that part of a statute which is unconstitutional, so limits and qualifies the remaining portion, that the latter, when stripped of such unconstititional provisions, is essentially different, in its effect and operation, from what it would be were the whole law valid, it would seem that the whole law shall fall. The remaining portion of the statute, when thus stripped of its limitations and qualifications, can not have the force of law, because it is not an expression of the legislative will.    The Legislature pass an entire statute, on the supposition, of course, that it is all valid, and to take effect.    The courts find some of its essential elements in conflict with the Constitution, strip it of those elements, and leave the remaining portion mutilated and transformed into a different thing from what it was when it left the hands of the Legislature.    The statute thus emasculated, is not the creature of the Legislature; and it would be an act of legislation on the part of the courts, to put it in force.    The courts have no right thus to usurp the province of the Legislature."    The general rule stated by Judge Cooley is approved and applied in *State, ex rel.*, v. *Denny*, 118 Ind. 449.

It is undoubtedly the law that when the several provisions of an act are independent, some may stand although others may fall, but this occurs only when the provisions are clearly independent.    As said by SHAW, C. J., in *Warren* v. *Mayor, etc.*, 2 Gray, 84, the rule that some portions of a statute may stand while others fall, " must be taken with this limitation, that the parts, so held respectively constitutional and unconstitutional, must be wholly independent of each other."

In the statute under discussion the invalid provisions are not independent, and if the unconstitutional provisions are stripped from it, then it becomes an entirely different act from the one which left the hands of the Legislature.    The first section of the act provides that " It shall be the duty of the reporter of the Supreme Court to receive all opinions and *syllabi* of opinions of the Supreme Court, which by

this act are required to be published" (Acts 1889, p. 87), and section twelve directs the judges to prepare the *syllabi*. It is, therefore, quite clear that if the provisions of section twelve are inoperative, there can be no *syllabi* prepared, and without *syllabi* it would, as every one knows, be impossible to prepare an index, and yet the act commands that an index shall be prepared by the reporter, and that the *syllabi* which the reporter shall receive are those ordered to be prepared by the judges.   The sections referring to the index are thus inseparably interwoven with the provisions respecting the preparation of the *syllabi*, and the fall of the latter necessarily carries the former.   Without *syllabi* we should have reports utterly unlike any ever published, and surely this was not the legislative intention.   Certainly it can not be contended that the Legislature intended to create a system providing for the publication of a mere collection of decisions without indexes or head-notes, and yet, if we strip the act of the provisions relating to the *syllabi*, we should have just such a system.   The result we have indicated must inevitably follow if the provisions respecting the *syllabi* are eradicated, for without them there is no provision authorizing any person to prepare the *syllabi*.   It is, therefore, plainly evident that the whole system which the act assumes to create depends entirely upon the provisions respecting the *syllabi*. Either the whole system fails, or a system built up out of the mutilated act must be one wherein reports are to be published without *syllabi* or indexes.   But such a deformed and lame system courts have no right to construct, for, not only is the work of building a system legislative, but the attempt by the courts to build one would be to overthrow the expressed legislative will, since it is perfectly clear that the Legislature meant to construct a complete system upon the foundation laid by it.   As that foundation is absolutely destitute of strength, the whole fabric must fall.

We suppose no one doubts that the head-notes are an essential part of a report, and this being so, it must follow that

an act which attempts to impose this work on the judges proceeds on a theory that is utterly untenable, and upon which no valid act can be constructed. The act before us proceeds on this theory, and is entirely devoid of force. The theory being radically unsound, it is impossible to detach any portion of the provisions of the act, for the radical defect in the governing theory destroys the whole superstructure.

Courts can not patch up legislative enactments. A court has no right to enter the legislative domain. It would be an unjustifiable usurpation of power by the courts to attempt to cure the infirmity in the statute by placing in it provisions found in other acts. The act before us assumes to cover the entire subject—it is an entirety, and as an entirety must be judged—and as it assumes to cover the entire subject it does it or it does nothing. It must stand or fall as an entire system. The courts must take the act as it comes from the Legislature, and they can neither import provisions into it nor wrench provisions from it by assuming the functions of legislators. Legislation can not be mended by judicial tinkering, nor validated by judicial judgment where it is so infirm as to be without force.

With questions of policy or expediency courts have nothing to do, nor can the good policy and wise expediency of an act of the Legislature control the judicial judgment. If an act impinges upon the Constitution, one course, and one course only, is open to the courts, and that is to adjudge it void. However much the courts may be impressed with the wisdom of a particular act, or however urgent may seem the necessity for legislation, they must, nevertheless, try the act by the Constitution, and if it will not stand the test, so declare.

Judgment affirmed.

Filed June 27, 1889.