Decker *et al. v.* Washburn.

---

No. 1,061.

## DECKER ET AL. *v.* WASHBURN.

EVIDENCE.—*Insufficiency of.*—*Highway.*—*Proceeding to Establish.*—*Damages.*—In a proceeding to establish a highway, the judgment in a former proceeding relating to the same subject-matter, which had been rendered more than six years prior to the commencement of the subsequent action, the damages in the former proceeding having never been paid, nor the highway, as established thereby, never having been opened or worked as such, the judgment in the former proceeding is not a proper basis for damages in the subsequent action, and that being the only evidence, there is clearly a failure of proof.

HIGHWAY.—*Proceeding to Establish.*—*Judgment Functus Officio.*—*Subsequent Proceeding De Novo.*—Where a highway has been established, but has not been opened or used within six years from the time of its establishment, the judgment establishing the highway becomes

*functus officio*, or inoperative, and the only way in which the highway may be again established is by a proceeding *de novo*.

From the Pulaski Circuit Court.

*J. C. Nelson, Q. A. Myers, H. A. Steis* and *M. M. Hathaway*, for appellant.

*B. Borders*, for appellee.

REINHARD, J.—In a highway proceeding, tried in the court below upon appeal from the board of commissioners, the appellee recovered a personal judgment for five hundred dollars, from which this appeal is prosecuted.

The insufficiency of the evidence to sustain the finding and judgment is relied upon to bring about a reversal. The only evidence presented to the trial court upon this question was a former judgment by the same court in a similar proceeding to open and establish the highway in question, in which proceeding the appellee had been awarded a judgment for five hundred dollars.

It is contended, by appellants' counsel, that this judgment was not a proper basis for the damages in the present action, and there being no other evidence, the court erred in overruling the motion for a new trial.

It is proper to state here that the question we are about to pass upon was presented, also, by way of demurrer to the answer setting up the former judgment, and by timely objection and exception to the introduction of the record of the former proceedings containing the original judgment.

The appellee's contention is that the former judgment of the Pulaski Circuit Court was an adjudication, not only upon the question of the public utility of the proposed highway, but also upon the subject of damages. It is agreed that the judgment just referred to had been rendered more than six years prior to the time of the commencement of the present proceedings, before the

commissioners, and that the highway, as laid out and established in such former proceedings, had never been opened or worked as such, and that the former judgment for damages remains unpaid.

Section 5032, R. S. 1881, provides that "Every public highway already laid out or which may hereafter be laid out, and which shall not be opened and used within six years from the time of its being so laid out, shall cease to be a highway for any purpose whatever."

It is not claimed that any portion of this proposed highway was opened and used during the interval between the two judgments. The remaining portion of the section quoted does not, therefore, have any application to the question in hand.

We think the provisions of this statute are too plain to be misunderstood. The words "laid out" doubtless mean established, surveyed, declared a road. It seems to us that the statute applies to precisely such a case as we have here. A highway has been "laid out,"—that is to say, it has been established and declared to be a highway by the judgment of the court. But it has not been opened or used within six years from the time it was laid out. It has therefore ceased to be a highway altogether, and the former judgment of the court, by virtue of which it was laid out, at the expiration of six years from the date of its rendition, became *functus officio*. This includes, of course, the judgment for damages.

We are strengthened in this view, we think, by the fact that the order for the opening of the highway is enforceable only upon the payment of the damages assessed. If the damages are not paid, the road is not to be opened, and, conversely, if the road is not opened, there would be no consideration for the judgment of damages. When the six years' limitation had expired, the entire judgment ceased to be operative. That which was once de-

clared to be a highway, upon certain conditions being complied with, has now ceased to be such, and the compliance with the conditions will not serve to restore to it its former character. The only manner in which it may be again declared as such is by a new proceeding, the same as if none before had ever been had.

We fully agree with the learned counsel for appellee, that the only way in which the citizens' land may be taken for a public highway is by the proceedings prescribed in the statute, R. S. 1881, section 5015, *et seq.*

We also agree with counsel that after such proceedings have culminated in a judgment there is no way provided by which a new proceeding may be instituted for again having the proposed road laid out or established. But we think this restriction is itself limited by the statute to the period of six years. If, within that time, the conditions upon which the judgment remains in operation thereafter are not complied with, the judgment dies, as it were, and the territory declared to be a public highway, but not opened or used as such, no longer retains its separate identity, but becomes again a portion of the mass of real property out of which it had been set apart for the use of the public. It seems to us that the statute was designed to meet just such cases as the one under consideration. In our view of the case, the learned trial court erred in treating the former judgment as still in force. There was no evidence to support the judgment for damages. The motion for a new trial should have been sustained.

Judgment reversed.

Filed Jan. 2, 1894.