## KINZER ET AL. *v.* BROWN ET AL.

[No. 21,178. Filed February 6, 1908.]

1. HIGHWAYS.—*Answer.*—*Former Adjudication.*—To a petition for
the establishment of a public highway, it is not sufficient to an-
swer that a similar petition had theretofore been filed, and a
judgment rendered that the proposed highway be established upon
payment of the damages assessed. p. 82.

2. SAME.—*Issues on Appeal to Court.*—*Jurisdiction.*—In a highway
case, only those questions raised before the board of commis-
sioners, except those relating to jurisdiction, can be raised in
circuit court on appeal. p. 83.

3. SAME.—*Procedure.*—*Answer.*—*Res Judicata.*—The filing of an
answer of former adjudication to a highway petition at the time
of the filing thereof, and before the appointment of viewers, was
properly stricken from the files by the board of commissioners,
the time for the raising of such question being at the submission
of the report of the viewers. p. 84.

4. SAME.—*Appeal.*—*Renewing Answers.*—Where remonstrants in
a highway proceeding improperly filed an answer of former ad-
judication, which the board of commissioners struck out upon
motion, remonstrants had no right to file such plea in the circuit
court on appeal. p. 84.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Highway proceeding by Charles N. Brown and others,
against which Levi Kinzer and others remonstrate. From
a judgment for petitioners, remonstrants appeal. *Af-
firmed.*

*Roberts & Vestal,* for appellants.
*Shirts & Fertig,* for appellees.

GILLETT, J.—Proceeding by appellees for the location of
a highway. Proof of the posting of notices was made by

appellees, and the board of county commissioners found the jurisdictional facts. Appellants thereupon filed what may be denominated a plea of former adjudication. The substance of this plea was that theretofore, upon the hearing of a petition filed by appellees and others, for the establishment of a highway along the same line, the board, after the filing of the report of the reviewers, had assessed appellants' damages, and had ordered that the highway be opened as soon as the petitioners therein had paid the damages so assessed. On the motion of appellees the board struck out said answer, and appointed viewers. At the next term the viewers reported in favor of the location of the highway, and thereupon appellants filed their several remonstrances, on the grounds of inutility and damages, and praying that reviewers be appointed. Reviewers were appointed, who afterwards reported that the proposed highway would be of public utility, and that the remonstrators would not be damaged by the location of the same. Thereupon the board approved the reports of the viewers and the reviewers, and ordered the highway established. Appellants severally appealed to the circuit court, and in that court they refiled said answer of former adjudication, and also filed an additional answer, which set out more fully the facts with reference to said prior proceeding. On motion the court struck out said answers, over appellants' exception, and thereupon the cause was submitted to the court, with the result that there was a finding and judgment for appellees. Error is assigned on the ruling of the court in striking out each of said answers.

It is clear that said answers were insufficient. There was no final judgment in the former proceeding. The board was not empowered to enter, in anticipation that the damages would be paid, an order that upon such payment the highway should be opened. *Helms* v. *Bell* (1900), 155 Ind. 502. The prior proceeding having failed, the decision as

to the damages could not remain effective, confronting each and every set of petitioners who might thereafter seek to procure the location of the highway. Since the proceedings provided for by the highway statute look to the establishment of a public work, it appears to us that it could not have been intended that by a prior abortive proceeding one of the facts pertinent to the inquiry could thereby be established, to remain for an indefinite time, to thwart the making of the improvement, unless the prior assessment of damages should be paid, no matter how greatly changed conditions might have operated to render the prior decision erroneous. *Heick* v. *Voight* (1887), 110 Ind. 279, 283. The only reasonable view to take is that the decision as to damages in the prior proceeding was of no consequence, since it was never followed by an order locating the highway, thereby giving a right to the damages. See *Decker* v. *Washburn* (1894), 8 Ind. App. 673. Moreover, the remonstrators were not bound by the award, since the highway was not established, and, as a necessary consequence, since estoppels must be mutual, the matter remained unadjudicated as to the public.

It is, however, contended by counsel for appellants that even if their answers were not sufficient to withstand a demurrer, yet they were so far relevant that it was error to strike them out. On appeal to the circuit court there remained in, it will be observed, the remonstrances based on inutility and damages; but, conceding that appellants were entitled to raise other questions before the board, yet there was no error in striking out the answers of former adjudication as to the damages, in view of the posture of the case on appeal. It is, of course, well settled that no question, not going to the jurisdiction, can then be raised which was not put in issue before the commissioners. *Strayer* v. *Taylor* (1904), 163 Ind. 230, and cases there cited. At the time the answer of an adjudication as to the

damages was filed before the board, the matter was pending on. the petition and the proof of notice. The board at that time, having found in favor of the petitioners upon the jurisdictional facts, had in that connection but one duty to perform, under §6742 Burns 1901, §5015 R. S. 1881 (in force as to this proceeding), and that was to appoint viewers. An answer concerning damages was at that time wholly irrelevant, for the establishment of the highway would, at the least, have to await the viewers' report. The board, therefore, properly struck the answer from the files, as containing matter which was wholly impertinent to the step about to be taken. It was only after the filing of the viewers' report that any such answer could have been considered by the board, and at that time appellants did not see fit to submit any issue except that of inutility and damages, and they prayed that reviewers should be appointed to assess the damages. No question of former adjudication having been properly put in issue before the board, there could be no right to file a plea upon that subject in the circuit court, and therefore the striking out of said answers was a proper manner of disposing of them. *Wells* v. *Rhodes* (1888), 114 Ind. 467; *Guthrie* v. *Howland* (1905), 164 Ind. 214, 225.

Judgment affirmed.