## LORTZ ET AL. *v.* DAVIS, AUDITOR, ET AL.

[No. 7,690.   Filed January 23, 1912.   Rehearing denied April 3, 1912.   Transfer denied May 8, 1912.]

1. HIGHWAYS.—*Opening.—Payment of Damages.—Authority of Board of Commissioners.—Void Action.—County Reform Law.—* Under the provisions of §§5936, 5937, 5938, 5939, 5942, 5943, 5944 Burns 1908, §§19, 20, 21, 22, 25, 26, 27 Acts 1899 p. 343, requiring the board of county commissioners to make estimates of their proposed expenditures by items separate from each other, providing for the making of appropriations by the county council, prohibiting the making of any expenditure out of the county treasury, except in certain cases, unless an appropriation therefor has been made and is not exhausted, prohibiting the making of any contract or the doing of any thing to bind the county contrary to the provisions of the act, and prescribing a penalty, the board of county commissioners has no authority, in the absence of an appropriation for that purpose, to order the payment out of the county treasury of damages awarded on account of the opening of a highway, and a final order for the opening of a highway, made at a time when there was no money in the county treasury available for the purpose of paying the damages allowed, is void.   pp. 341, 346.

2. HIGHWAYS.—*Opening.—Payment of Damages.—Void Order.— Authority of Auditor and Treasurer.—*A final order of the board of county commissioners for the opening of a highway and the payment of damages awarded, made at a time when there was no money in the county treasury available for the purpose, will not authorize the auditor of the county to issue a warrant, nor the treasurer of the county to pay same if issued, and in the event of a payment under such circumstances the money may be recovered from those to whom it was paid, under the provisions of §5962 Burns 1908, Acts 1899 p. 343, §45.   p. 345.

3. HIGHWAYS.—*Opening.—Payment of Damages.—"Judgment".—* An allowance of damages by the board of county commissioners on ordering the opening of a highway, is not a judgment against the county rendered by a court having jurisdiction of the sub-

ject-matter of the action and of the parties within the meaning of §5944 Burns 1908, §27 Acts 1899 p. 343, so as to become a binding obligation without a previous appropriation.   p. 346.
4.   APPEAL.—*Moot Questions.*—On appeal the court will not express an opinion on a question suggested by counsel, but not presented for decision in the case.   p. 346.

From Bartholomew Circuit Court; *Marshall Hacker*, Judge.

Action by Adam Lortz and others against John M. Davis, as Auditor of Bartholomew County, and others.   From a judgment for defendants, the plaintiffs appeal.   *Reversed.*

*Hord & Cox, Custer & O'Donnell,* for appellants.
*John W. Morgan, Donaker & Spaugh,* for appellees.

LAIRY, J.—This action was brought by appellants against appellees to enjoin them from taking steps to carry out an order and judgment of the Board of Commissioners of the county of Bartholomew, purporting to establish a certain highway and to order it opened and kept in repair.   The complaint proceeds on the theory that such order is void.   The trial court sustained a demurrer to the complaint, and the plaintiffs stood on the demurrer, refusing to amend or plead further, whereupon final judgment was rendered against them, and the temporary restraining order granted in their favor was dissolved.   On appeal the only errors assigned are the rulings of the court in sustaining the demurrers to the complaint and dissolving the restraining order.   These questions may be considered together.

The allegations of the complaint, in so far as they are necessary to an understanding of the questions decided in this appeal, are, in substance, that appellants are the owners of land in Bartholomew county, Indiana, and that in the year 1909 James Golden and others filed in the office of the auditor of that county a petition for a certain highway, described in the complaint, which proposed highway, described in said petition, passed over and upon the lands of plaintiffs; that such proceedings were had as resulted in a favorable report

by viewers appointed to view said proposed highway, and that the plaintiffs thereupon filed separate remonstrances for damages, and the board appointed reviewers to assess such damages, and that the reviewers so appointed did, on July 31, 1909, make a report assessing damages to the several plaintiffs in the amounts following, to wit: to Adam Lortz, $185; to Martin A. Holder, $185; to Martha Ruddick, $15, and to Sarah Reed, $115. Plaintiffs further aver that at the August term of the commissioners court, the reviewers' report was adopted by the board, which indorsed thereon the following words, "Accepted, Board of Commissioners of Bartholomew county, W. O. Black, President. No. Funds wherewith to pay damages. Hold." The complaint then proceeds in the language following: "Plaintiffs aver that at said time said Board of Commissioners through its clerk, John M. Davis, as Auditor of said Bartholomew County, caused to be made an order purporting to be a final order opening said highway, and ordering that the same be opened and kept in repair, which said order and judgment of said defendant, Board of Commissioners of Bartholomew County, is as follows, to wit: 'In the matter of the Petition of James Golden, etc. * * * The Board now having examined said report, and being sufficiently advised in the premises, finds that said report ought to be approved. It is therefore considered, ordered and adjudged by the Board that the proposed new highway as marked and laid out by the viewers in their report as herein above set forth and as described in said report be recorded as a public highway of the width of 30 feet, and the Trustee of Flatrock Township is hereby ordered to cause said highway to be opened and kept in repair as other highways. It is further ordered that the Auditor transmit a copy of this order to the Trustee of Flatrock Township. The Auditor is further ordered to issue a warrant in favor of Fannie Kent in the sum of $70.00, to Martha Ruddick in the sum of $15.00, to Sarah F. Reed the sum of $115.00, to Adam Lortz in the sum of $185.00 and to

Martin Holder in the sum of $185.00, being the amount allowed to the remonstrators by the reviewers on account of the location of said highway.' Plaintiffs aver that upon said pretended final order and judgment, attempting to open said highway, there was endorsed the following: 'Do not send order to open, until there are funds to pay.' That at said time of making said attempted final order and judgment there were no funds in the County Treasury with which to pay said damages, and that at the time said order and judgment were made there were no funds available for that purpose, and that none of said damages were paid or tendered to either of these plaintiffs by said defendant Board nor by said petitioners. Plaintiffs aver that on the 7th day of September, 1909, more than thirty days after the entry of said pretended and void order attempting to establish and open said highway, said defendant, Board of Commissioners, and said defendant, John M. Davis, procured an order from the County Council of Bartholomew County, Indiana, appropriating the sum of $600.00 for the use of the highways and for the payment of damages of opening highways in said county for the year, ending December 31, 1909. That said described 'Golden Highway' is the only highway for which said money can be used, and that said sum will be used to pay said damages; that said sum is now available for such purpose and said defendant, Davis will immediately issue warrants for damages to these plaintiffs, and will issue his warrant to said defendant, Aaron Newton, trustee as aforesaid. That at the time of making such pretended final order and judgment there were no funds with which to pay such damages, and no funds were available for the payment of said damages and for more than thirty days before any amounts were or could have been tendered or paid into the county treasury for these plaintiffs or for their benefit. That said pretended order and judgment is void; that said defendant, John M. Davis, Auditor as aforesaid, will proceed to issue an order and warrant to defendant, Aaron

Newton, Trustee as aforesaid, for the opening of said highway; that said Davis will, if not enjoined immediately, issue warrants for the payment of said damages; ·that said trustee will, if not enjoined, deliver said order to open said highway to defendant, George Chandler, Road Supervisor as aforesaid for the district wherein said highway is located; that unless defendants are immediately restrained they will carry out said void order and judgment to plaintiffs' great and irreparable damage, and plaintiffs will be without any remedy.''

Appellants contend that the order establishing the highway and directing that it be opened and kept in repair is void, for the reason that at the time the order was made and the damages ordered paid out of the county treasury there was no money in the treasury available for such purpose.

In the case of *Helms* v. *Bell* (1900), 155 Ind. 502, 58 N. E. 707, the board of commissioners decided that the proposed highway was not of sufficient public utility to warrant the payment of the damages allowed to the remonstrators out of the county treasury. The board made an order establishing the highway, and directing that it be opened and kept in repair, and further ordered that the petitioners pay the damages as a condition precedent to the road being opened. The petitioners within thirty days after this order was entered, paid into the auditor's office an amount of money sufficient to pay the damages awarded to the remonstrants, and the auditor offered to each of them the amount of damages awarded, but they refused to accept the damages so tendered, and brought a suit to enjoin the opening of the road, on the ground that the order establishing it and directing that it be opened was void. In passing on this question the court said: ''When they had adjudged that the damages could not be paid out of the county treasury their power to proceed with the establishing of the road was suspended until actual payment of such damages had been made from

some other source. When not payable out of the treasury it is proper for the petitioners or other persons to pay them. *Hayes* v. *Board, etc.* (1877), 59 Ind. 552; *Board, etc.*, v. *Small* (1878), 61 Ind. 318. And the effect of payment from any source upon the power of the commissioners to proceed in establishing the highway is stated in said §6748 [Burns 1894] thus: 'And *when* payment of damages is made as herein provided, such highway shall be *recorded and ordered to be opened* and kept in repair as hereinbefore provided.' That is to say, when the damages have been paid from some source to the use of the persons entitled thereto, and *not till then,* the commissioners have a right to proceed to record, that is, to enter final judgment, establishing the highway, and to order that the same be opened and kept in repair. ·Because the record shows that the commissioners in this instance entered final judgment ordering the recording and opening of the highway, before the damages assessed were paid, in violation of the positive inhibition of the statute, their judgment was clearly void.''

In the case of *Rudisill* v. *State, ex rel.* (1872), 40 Ind. 485, the board of commissioners ordered that the damages be paid out of the county treasury, and it was held that the money to pay the damages was, in presumption of law, already in the county treasury, and the auditor of the county was authorized by order of the board of commissioners to draw warrants in favor of the persons to whom damages had been awarded in the amount allowed to each. The opinion proceeds as follows: ''We are of the opinion that, when the amount of damages is ordered to be paid out of the county treasury, as in this case, the commissioners may treat the case as one where the amount is deposited in the treasury for the use of the parties entitled to the same, and proceed to order the road to be opened and kept in repair.''

These cases are not in conflict with each other, and neither is decisive of the precise question involved in this case, but they have the effect of narrowing the controversy in this

case. The case first cited decides that the order of a board of commissioners establishing a highway is absolutely void, when made before the money to pay the damages assessed has been paid into the county treasury by the petitioners and has become available for such purpose, and that such order is not validated by the fact that the money to pay such damages is afterwards paid in and becomes available.

The second case cited holds that in a case where the damages were ordered paid out of the county treasury under the law as it existed at the time that decision was made, the presumption obtained that the money out of which the damages were to be paid was already in the county treasury for the benefit of the persons to whom the damages had been awarded, and subject to their claim to receive it on demand.

It appears from the averments of the complaint in the case at bar that, at the time the order establishing the highway in question was made, no appropriation had been made by the county council of Bartholomew county for any money for the purpose of paying claims of this character, and that no such appropriation was made until about thirty days after the order in question was entered. It is claimed on behalf of appellants that since the enactment of the county reform statute the court can no longer indulge the presumption that money out of which the damages allowed was in the county treasury at the time the order was made, and subject to be paid on demand to those in whose favor the damages were allowed. It is insisted that the complaint affirmatively shows that no money, which was available for the payment of such damages, was in the county treasury at the time the order for the establishment of the highway in question was made, and that such order was void under the authority of the case first cited.

We will now consider the effect of the statute known as the county reform act (Acts 1899 p. 343, §§5918-5968 Burns 1908). Section 19 of the act (§5936 Burns 1908) provides that every estimate required to be made by the board of

county commissioners shall embrace in items separate from each other the following matters. Then follow fifteen specific subjects on which estimates are required. The sixteenth requirement is as follows: "All other items of expenditures to be made by the board, or pursuant to its order during the year for which the appropriation is to be made, itemized with particularity."

Section 20 of the act (§5937 Burns 1908) provides for appropriations by the county council, and §21 (§5938 Burns 1908) provides for additional appropriations in certain cases. Section 22 (§5939 Burns 1908) provides that in certain specified cases therein enumerated moneys may be paid out of the county treasury without an appropriation being previously made, and then concludes: "In all other instances no warrant shall be drawn upon, or money paid out of the county treasury, unless an appropriation by the county council has been made, * * * and which appropriation remains unexhausted."

Section 25 of the act (§5942 Burns 1908) is as follows: "No board of county commissioners, officer, agent or employe of any county shall have power to bind the county by any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of the obligation attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriation, are declared to be absolutely void."

Section 26 of the act (§5943 Burns 1908) provides: "Every county officer, and every member of a board of commissioners, who shall issue, or cause to be issued, any bond, certificate, or warrant for the payment of money which shall purport to be an obligation of such county, and be beyond the unexpended balance of any such appropriation made for such purpose, or who shall attempt to bind such county by

any contract, agreement, or in any other way, to an extent beyond the amount of money at the time already appropriated by ordinance for such purpose, and remaining at the time unexpended, shall be liable on his official bond to any person injured thereby, and shall be fined in any sum not more than one thousand dollars, and imprisoned in the county jail not more than six months.''

Section 27 of the act (§5944 Burns 1908) is as follows: ''No court, or division thereof, of any county, shall have power to bind such county by any contract, agreement, or in any other way, except by judgment rendered in a cause where such court has jurisdiction of the parties and subject-matter of the action, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of such court, and for the purpose for which said obligation is attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort attempted beyond such existing appropriations shall be absolutely void.''

We think it is very evident, from the provisions of the statute above quoted and referred to, that, in the absence of an appropriation for that purpose, the board of commissioners had no authority to make an order for the payment out of the county treasury, of the damages awarded on account of the opening of the highway in question. Such order did not authorize the auditor to issue his warrant or the

2. treasurer of the county to pay such warrant in the absence of an appropriation for that purpose, and in case money had been paid out of the county treasury on any such warrant it could have been recovered from the person to whom it was paid. §5962 Burns 1908, Acts 1899 p. 343, §45.

On behalf of appellees it is urged that the several allowances made to appellants as damages were judgments against the county rendered by a court having jurisdiction of the sub-

ject-matter of the action and of the parties, within the
3.     meaning of §27, *supra,* and for that reason no pre-
vious appropriation was required. We cannot agree
with this contention. The county was not a party to this
proceeding. No relief was asked against the county, and
there was no preëxisting claim against it on which a judg-
ment could rest. There was no duty resting on the county to
pay these claims for damages, that matter being left entirely
to the discretion of the board of commissioners. The obliga-
tion of the county to pay these claims had no existence prior
to the time this order was made directing that they be paid
out of the county treasury, and such obligation was created,
if at all, by such order. In our opinion such order was not a
judgment against the county but was an allowance which the
board had no power to make in the absence of an appropria-
tion for that purpose.

If in a highway case a board of commissioners should de-
termine that the highway was of sufficient public utility to
justify the payment of the damages awarded out of the coun-
ty treasury, the question might arise as to whether the county
council could be compelled by mandate to make the necessary
appropriation in case this had not already been done.
4.     While this question is suggested by counsel, it is not
presented for decision in this case, and we cannot
properly express any opinion on the subject.

As there was no money in the county treasury which was
available for the payment of damages allowed for opening
highways at the time the order was made directing
1.     such payment, and as the money did not become avail-
able until about thirty days after the final order
establishing the highway was made, we hold, under the
authority of *Helms* v. *Bell, supra,* that such final order was
void, and that the complaint states a cause of action. The
demurrer to the complaint should have been overruled.

Judgment reversed, with directions to overrule the demurrer to the complaint.

NOTE.—Reported in 97 N. E. 200. See, also, under (1) 11 Cyc. 511; (2) 11 Cyc. 535; (4) 3 Cyc. 223. As to the application of *ultra vires* to county officers, see 68 Am. Dec. 292.