WEAVER ET AL. v. FERGUSON ET AL.

[No. 9,308.   Filed November 21, 1917.   Rehearing denied February
8, 1918.   Transfer denied June 26, 1918.]

1. HIGHWAYS. — Establishment. — Compensation. — Authority     of
Board of Commissioners.—Statutes.—A final order of a board of
county commissioners establishing a highway entered before the
damages awarded were paid, deposited, or written consent given,
as provided by §7659 Burns 1914, Acts 1913 p. 11, is void.  p. 178.

2. HIGHWAYS.—Establishment.—Void Order.—Right of Appeal.—
The fact that an order of the board of county commissioners
establishing a highway was void did not affect the right to appeal
therefrom, since an appeal may be taken from a void judgment.
p. 178.

3. HIGHWAYS.—Establishment.—Payment of Damages.—Statute.—
Section 7659 Burns 1914, providing that, on appeal from a pro-
ceedings to establish a highway, the proceedings shall be deemed
vacated and of no effect if damages allowed are not paid within
ninety days after the disposition of the appeal, applies, as
amended by the act of 1913, Acts 1913 p. 11, to a petition for the
opening of a highway filed on the same day that the amended
act became effective.  p. 178.

4. HIGHWAYS.—Establishment.—Damages.—Void Judgment.—Col-
lateral Attack.—Where an appeal was taken to the circuit court
from an order of the board of county commissioners establishing
a highway and the county was not a party, an award of damages
by the court to be paid by the county treasurer was void as to
the county, since the court did not have jurisdiction over the
person of the county and it could attack the award collaterally.
p. 180.

5. HIGHWAYS.—Establishment.—Damages. — Erroneous   Award. —
Collateral Attack.—Where, on appeal to the circuit court from
an order of the board of county commissioners establishing a
highway, the court made an award of damages and ordered the
same to be paid out of the county treasury, the power to make
such an order being lodged solely in the board of county com-
missioners under §7655 Burns 1914, Acts 1905 p. 521, the award
was erroneous rather than void as to those over whom the court
had jurisdiction and they could not attack such judgment col-
laterally.  p. 180.

6. HIGHWAYS.—Establishment. — Appeal. — Damages. — Time   for
Payment.—Order Establishing Highway.—Collateral Attack.—
Statute.—Section 7659 Burns 1914, Acts 1913 p. 11, providing that
on appeal from proceedings to establish a highway the proceeding

shall be deemed of no effect if the damages are not paid within ninety days, etc., places the same limitations on the circuit court on appeal as are imposed on the board of county commissioners before appeal, and a compliance with the terms of the statute is a condition precedent to the right or authority to enter a final order establishing a highway, and any such order prematurely entered is void and subject to collateral attack. p. 182.

7.  COUNTIES.—*General Funds.—Appropriations.—Award of Damages.—Liability of County.—Statute.*—Under §5944 Burns 1914, Acts 1899 p. 343, providing that no court can bind the county except by judgment rendered in a cause where such court has jurisdiction of the parties and the subject-matter, except to the extent of money already appropriated and available for the purposes which the court is seeking to accomplish, and that any action of the court in violation of such statute shall be absolutely void, an order of the circuit court, on appeal from an order of the board of county commissioners establishing a highway, that the damage be paid out of the county treasury was void where the county was not a party to the proceeding and no appropriation of funds had been made. p. 184.

8.  HIGHWAYS.—*Establishment.—Appeal.—Damages.—Agreement by Parties.—Validity of Award.*—Where the owner of lands affected by a proposed highway filed no remonstrance or other pleading that might have served as a basis for an allowance of damages in her favor, but she was, on her petition, made a party in the circuit court to an appeal from the board of county commissioners and, by agreement of the parties, she was awarded damages as part of the final order of the court, the absence of a pleading did not invalidate the mere allowance as between the parties. p. 185.

9.  HIGHWAYS.—*Establishment.—Agreement as to Damages.—Effect.*—Even though the parties on appeal from an order of the board of county commissioners establishing a highway are bound by an agreement on appeal as to opening and damages, such agreement cannot validate a void order that the damages be paid out of the county treasury, where the county was neither a party to the proceeding nor to the agreement and there was no appropriation of funds to satisfy the claim for damages allowed. p. 185.

10.  HIGHWAYS.—*Establishment.—Award of Damages.—Failure to Pay.—Effect.*—Where damages awarded in a highway proceeding had not been paid to a party or deposited to her use and she had not filed her written consent to the opening of the road prior to the entering of the final order establishing the highway, such order was void. 186.

11. HIGHWAYS.—*Establishment.*—*Agreement as to Opening and Damages.*—*Invalidity in Part.*—*Effect.*—Where, on appeal from an order of the board of county commissioners establishing a highway, the court by agreement of the parties made an order that the road be opened and the part of the order as to payment of damages was void, the agreement, being an entirety, was all void. p. 186.

12. HIGHWAYS.—*Enjoining Opening.*—*Estoppel by Silence.*— Where a landowner had agreed to an order of court opening a highway and fixing the amount of her damages, but she subsequently refused to accept the damages or file a claim based on the damages awarded, she was not estopped from enjoining the establishment of the road for certain illegalities in the proceedings on the ground that she allowed other landowners to remove their line fences and erect others along the line of the proposed highway, where she did nothing of an affirmative nature to mislead the affected landowner, or to show that she intended to abide by an invalid judgment based on the agreement. p. 188.

From Fountain Circuit Court; *Isaac E. Schoonover*, Judge.

Action by Sarah E. Ferguson and another against John R. Weaver and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*O. B. Ratcliff*, for appellants.

*C. B. Philpott, A. T. Livengood* and *Smith, Remster, Hornbrook & Smith*, for appellees.

CALDWELL, J.—When this action was commenced and disposed of in the trial court, appellant Newlin was auditor of Fountain county, appellant Dicken was trustee of Troy township, said county, and appellant Weaver was road supervisor of district No. 1, said township. Appellees Sarah E. and David S. Ferguson brought this action to enjoin appellants as officials from opening an alleged public highway in said district, respecting the legality of the establishing of which there is controversy. A trial resulted in a special finding and conclusions of law.

Judgment was rendered on the conclusions in favor of appellees, enjoining appellants as prayed.

The questions presented on this appeal arise from appellants' exceptions reserved separately and severally to the conclusions of law. The following includes the substance of the finding necessary to determine the questions involved: On February 12, 1913, and thereafter, appellee Sarah E. Ferguson was the owner of the northeast quarter, and appellee David S. Ferguson was the owner of the east half of the southwest quarter and the west half of the southeast quarter, of section 23, township 20 north, range 9 west, Fountain county. On that day the requisite number of qualified freeholders, not including appellees, proceeding under §7649 Burns 1914 (Acts 1905 p. 521, as amended, Acts 1907 p. 443), filed their petition praying that a public highway thirty feet wide be located and opened up, its north line commencing at a designated point on the east and west half section line near the center of section 22, and extending east along said line to a designated point about eighty rods east of the center of section 23, said township and range. Subsequent proceedings were thereafter regularly had, under §7649 *et seq.*, *supra*, resulting in the filing of a reviewer's report on April 18, 1913, finding against David S. Ferguson on his remonstrance challenging the utility of the road, and in his favor on his remonstrance asking damages, awarding him $300. Sarah E. Ferguson filed no remonstrance or other pleading before the board of commissioners. The contemplated road did not pass through her lands, but the north line of the former coincided with the south line of the latter for a distance. At the May term, 1913, the board of com-

missioners entered judgment and final order in said proceeding, granting the petition and establishing the road as prayed, ordering that the road be recorded, and that the auditor notify the proper township trustee as required by law, and that "the remonstrator David S. Ferguson shall receive as damages assessed by the reviewers herein the sum of $300 which said sum shall be paid by the petitioners herein, and that the said road shall not be opened or improved until said amount is paid or tendered as provided by law, all other costs to be paid out of the county treasury as provided by law, all of which is finally adjudged and decreed."

At the time of the rendition of said judgment the $300 damages thereby confirmed to David S. Ferguson had not been paid or tendered to him, or deposited to his use in the county treasury, and he had not filed his consent in writing to the opening of the highway.

David S. Ferguson appealed from said judgment to the circuit court of Fountain county. Sarah E. Ferguson was a party to the proceeding in the commissioners' court, but filed no pleading therein. She did not appeal to the circuit court. On her petition, however, she was ordered made a party in that court, and granted permission to file a remonstrance for damages, but she filed no remonstrance. Neither the board of commissioners nor the county was a party to the proceeding in the circuit court.

November 4, 1913, the court entered a final order in said proceeding. The order purports to change the line of all that part of the road east of a point eighty rods west of the northwest corner of David S. Ferguson's land as follows: The south line of the road

as changed angles northeast from said point to a point thirty feet north of said northwest corner; thence east to the terminus. Under the judgment David S. Ferguson's north line throughout becomes a part of the south line of the road, and Sarah E. Ferguson's south line from her west line east to the terminus of the road coincides with the south line of the latter. The more formal part of the order is as follows: "It is therefore ordered, adjudged and decreed by the court that the proposed highway along the route changed as shown and described above, will be of public utility, and that the remonstrator Sarah E. Ferguson will be and is damaged thereby in the sum of two hundred and eighty-eight ($288.00) dollars, and that she have judgment therefor, and that upon the payment of said damages by the county treasurer of Fountain county, Indiana, and the said county treasurer is hereby ordered to make such payment within twelve months from this date upon the proper order, and said money shall be paid from the first moneys which can be had for such purpose. Said proposed highway should then be opened to the width of thirty feet, as above found, and kept in repair all as provided by law, but no opening shall be made until said damages are paid and in no event before June 1, 1914, shall said proposed road be opened. It is further ordered, adjudged and decreed by the court, that the clerk of this court shall issue a certified copy of this order and judgment to the county auditor of said county who shall record the same and shall certify this order to the township trustee, who shall then proceed to open all of said proposed highway according to law, when said judgment shall be paid as aforesaid and not until then.

It is further ordered, adjudged and decreed, that the parties hereto, pay of the costs of this proceeding, each has made herein.'' Said judgment was entered by agreement of all the parties to said highway proceeding pending in the circuit court, including Sarah E. Ferguson.

At the time of the rendition of said judgment or order, there were no funds in the county treasury with which to pay the damages awarded Sarah E. Ferguson, and no funds were available from any other source, and no appropriation had been made by the county council to that end, and said damages had not been paid or tendered. Sarah E. Ferguson had not filed with the county auditor her consent in writing that the highway might be opened.

April 6, 1914, the clerk of the circuit court certified the order to the county auditor. In April, 1914, the county auditor in vacation entered the judgment upon the records of the board of commissioners. June 1, 1914, the county council made an appropriation in the sum of $288, for the purpose of paying the damages awarded to Sarah E. Ferguson. She, however, refused to file a claim before the board of commissioners based on the damages awarded, but on July 6, 1914, no claim having been filed, the board of commissioners allowed to Sarah E. Ferguson the amount of damages so awarded. July 7, 1914, a warrant was issued, based on such allowance, and delivered to her by registered mail December 5, 1914. She refused to accept it, and returned it December 30, 1914. Said damages have not been paid to or received by Sarah E. Ferguson or tendered to her except as above set out. The board of commissioners since the rendering of said judgment or order by the circuit court has

taken no steps relating to the highway proceeding except to make said allowance.

September 5, 1914, appellant Weaver, as road supervisor, notified petitioners and the Fergusons and other parties to said order (under the provisions of §7662 Burns 1914, *supra*) to remove their fences along the line of the proposed highway that it might be opened up, which notice was repeated January 23, 1915. Petitioners and parties to said judgment, other than the Fergusons, thereupon in obedience to such notices did remove their fences, and built permanent and valuable fences along the boundary of such prospective highway where it crosses their respective lands. The road intersects the right of way of the Wabash Railroad Company. This company at the intersection opened its fences and built a crossing consisting of cattle guards and wing fences of a substantial nature, and at great expense and inconvenience, all of which was done with the knowledge of the Fergusons without objection from them, and in reliance that the Fergusons would abide by said judgment and without any notice from either of them that they would not do so.

Petitioners for said highway have been at all times and now are willing to perform said order and have done so except as prevented by appellees. Appellants are claiming the right to open the highway, and are doing so, and will continue unless restrained by the court, and in so doing they are acting solely under authority of said order rendered by the circuit court.

The court stated conclusions of law to the following effect: First, that the judgment of the board of commissioners was without authority of law, and therefore void. Second, that the circuit court was without

authority of law over the subject-matter in rendering the judgment of November 4, 1913. Third, that the circuit court did not have jurisdiction of the person in case of the county, and therefore was not authorized to render a judgment and order requiring it to pay damages. Four, that the judgment of the circuit court is void. Fifth, that appellants should be permanently enjoined as prayed.

Sections 7655 and 7659 Burns 1914, *supra,* have a bearing on such a highway proceeding as is involved here. The former is to the effect that where damages are assessed, the board, if it shall consider the proposed highway enterprise of sufficient importance to the public, shall order such damages and the costs to be paid out of the county treasury, otherwise such damages and costs shall be paid by the petitioners or other persons interested, and that "where payment of damages is made as herein provided, such highway shall be recorded and ordered to be opened, and kept in repair," etc. The latter section, in substance, provides in part that the highway shall not be opened, worked, or used, until the assessed damages shall have been paid to the persons entitled thereto or deposited in the county treasury to their use, or until such persons shall consent thereto in a writing filed with the auditor, and that if the damages are not so paid or deposited, such consent not having been filed, within ninety days from the filing of the report assessing such damages, the proceeding shall be deemed to be vacated.

Here apparently the board did not consider that the highway work was of sufficient importance to the public to justify an order that the damages assessed

in favor of David S. Ferguson be paid out of the county treasury, and no order was made to that effect. The order was that the petitioners pay the damages. The effect of the order was such as to require petitioners to elect to pay the damages, or, in case no other interested person paid them, suffer a failure of the entire proceeding. Here, however, the damages had not been paid, or tendered or deposited, and written consent that the road might be opened had not been filed. Under such circumstances, the board, in contravention of the statutes, *supra,* entered a final order establishing the highway. Such order was therefore void as stated by the court in the first conclusion of law. See the following, where the subject is fully considered: *Helms* v. *Bell* (1900), 155 Ind. 502, 58 N. E. 707; *Lortz* v. *Davis* (1912), 50 Ind. App. 337, 343, 97 N. E. 200; *Kinzer* v. *Brown* (1907), 170 Ind. 81, 82, 83 N. E. 618.

The fact that the order was void did not destroy Ferguson's right of appeal. There may be an appeal from a void judgment. *Louisville, etc., R. Co.* v. *Lockridge* (1884), 93 Ind. 191; 3 C. J. 467.

We proceed to a consideration of the judgment rendered by the circuit court in the highway proceeding. There is a further provision of §7659, *supra,* that may have a bearing here, to the effect that in case of appeal the damages, if any, allowed on such appeal shall be paid or deposited or consent given as above indicated within ninety days after the disposition of such appeal, and if not so done in such time, such proceeding shall be deemed to be vacated and of no force or effect whatever. There is some suggestion whether such section in its entirety is applicable. Its earlier provisions have

been in force since 1853. R. S. 1852 p. 312; §5025 R. S. 1881. Additions were made by amendment in 1913. Acts 1913 p. 11. The amended section was passed with an emergency clause and went into force February 12, 1913, the day on which the petition was filed in the road proceeding involved here. The damages were assessed at a subsequent date, and by the amendment pending causes are not excepted. The section as amended is therefore applicable.

The following are some of the characteristics of the judgment rendered by the circuit court in the road proceeding: Thus, the court awarded damages to Sarah E. Ferguson in the sum of $288, and decreed that she have judgment therefor. The court did not indicate the judgment debtor. The court, however, without assuming expressly to find that the road enterprise was of sufficient importance to the public to that end, as must be first done either expressly or impliedly by some authorized tribunal under the provisions of §7655, supra, did find and adjudge that such damages should be paid out of the county treasury, the first available funds to be drawn upon, and the county treasurer was ordered to make such payment within twelve months. The county was thus in form required to shoulder the burden of such damages, although neither through the board of commissioners nor otherwise was it a party. The court also leaving nothing for the determination of the board ordered the clerk to certify a copy of the judgment to the county auditor, the latter to record it and certify a copy to the township trustee, and the last named to open up the road, but not until the damages had been paid.

In determining the validity of the judgment en-

tered in the highway proceeding, we shall for the present eliminate the fact that it was entered by agreement. It will be observed that the county neither by its board of commissioners nor otherwise was before the court. It was not a party to the proceeding. That fact appeared affirmatively on the face of the record in the highway proceeding in the circuit court, and is expressly set out in the finding here. Moreover, it is held that a county by its board of commissioners is neither a necessary nor a proper party to such an appeal. *Jamieson* v. *Board, etc.* (1877), 56 Ind. 466; *Board, etc.* v. *Small* (1878), 61 Ind. 318; *Schmied* v. *Keeney* (1880), 72 Ind. 309.

Under such circumstances the court awarded damages and decreed that Sarah E. Ferguson have judgment therefor, the judgment, if it is such, being

4. in effect against the county, as the damages were ordered to be paid out of the county treasury. The court did not have jurisdiction over the person of the county, and that fact appeared affirmatively on the face of the record. As to the county, therefore, the award of damages was void and subject to collateral attack. *McKinney* v. *Frankfort, etc., R. Co.* (1895), 140 Ind. 95, 38 N. E. 170, 39 N. E. 500; *Davis* v. *Bayless* (1895), 140 Ind. 700; 15 R. C. L. 844.

For like reasons the order that the county treasurer pay the damages was a nullity. *McKinney* v. *Frankfort, etc., R. Co., supra.*

The court, by ordering the damages to be paid out of the county treasury, assumed to determine, at least impliedly, that the highway enterprise was of

5. sufficient importance to the public to justify such an order. The only statutory authority

for such an order is found in §7655, *supra,* to the effect that, if the board shall consider the proposed highway to be of sufficient public importance, it shall order the damages to be paid out of the county treasury. It is held under such statute that the question of paying out of the county treasury damages assessed in a highway proceeding is solely for the consideration and determination of the board, and that its action in that respect cannot be controlled, co-erced or reviewed by any court. *Wilkinson* v. *Bixler* (1883), 88 Ind. 574; *Jamieson* v. *Board, etc., supra; Hayes* v. *Board, etc.* (1877), 59 Ind. 552; *Board, etc.* v. *Small, supra; State, ex rel.* v. *White* (1898), 151 Ind. 364, 51 N. E. 481. The holding is the same when the damages are assessed by the court or a jury on appeal. *Wilkinson* v. *Bixler, supra; Jamieson* v. *Board, etc., supra.* However, since the court entertained the question whether it had the power to determine whether such damages should be paid out of the county treasury, and apparently decided that it did have such power, the decision on that point and aside from all question of jurisdiction over the person, was erroneous rather than void, and from such viewpoint alone would not be subject to collateral attack. *Ryan* v. *Rhodes* (1906), 167 Ind. 121, 76 N. E. 249, 78 N. E. 330; *Stone* v. *Elliott* (1914), 182 Ind. 454, 106 N. E. 710; *Williams* v. *Wood* (1915), 60 Ind. App. 69, 107 N. E. 683.

The judgment rendered by the circuit court November 4, 1913, provided that the damages awarded should be paid out of the county treasury within twelve months. There was no available money in the treasury, and an appropriation purporting to render it available was not made until June 1, 1916.

Without any affirmative action on the part of Sarah E. Ferguson, the board, July 6, 1914, made an allowance in her favor of the amount of damages as assessed by the court. The next day a warrant was issued in her favor on the allowance. The warrant was sent to her December 4, and returned by her unaccepted December 30, 1914. Meanwhile, in April, 1914, the clerk certified the judgment to the auditor, who in vacation recorded it on the commissioner's record and certified a copy to the township trustee. In September the road supervisor notified the parties to remove their fences.

As appears above, a highway proceeding appealed to the circuit court is deemed to be vacated and of no force whatsoever, under the provisions of §7659, *supra,* unless one of three events transpires within ninety days after the disposition of the appeal, viz.: In order to prevent such result, within such time, the damages allowed by the circuit court must be paid to the person entitled thereto, or deposited in the county treasury to his use, or he must file with the county auditor his written consent that the road may be opened. Here such written consent was not filed, the damages were not paid into the treasury, and no steps were taken to pay the damages for more than six months, and a warrant representing the amount of damages was not sent to Sarah E. Ferguson for more than a year after the disposition of the appeal. Section 7659, *supra,* seems to place the same limitations on the circuit court on appeal as are placed on the board in its consideration of the proceeding before appeal. It has already been developed that the courts hold that a compliance with said section is a condition precedent

6.

to the right or authority of a board of commissioners to enter a final order establishing a highway, and that any such order prematurely entered is void and subject to collateral attack. *Helms* v. *Bell, supra; Lortz* v. *Davis, supra; Kinzer* v. *Brown, supra.*

It is held also in the Helms case that the payment of the damages into the county treasury at a time subsequent to the entering of the final order does not revive or validate the order. A final order entered by a board of commissioners under the circumstances indicated being thus held void, we are unable to discover any reason why a like conclusion does not follow respecting a final order entered by a circuit court under like circumstances.

However, in *Rudisill* v. *State, ex. rel.* (1872), 40 Ind. 485, the holding is to the effect that where a board of commissioners orders damages assessed in a highway proceeding, to be paid out of the county treasury, the presumption will be indulged that the money to satisfy the order is in the treasury, and that such order is therefore equivalent to a payment to the use of the person entitled to the same, and hence that such order alone without actual payment satisfies the statute.

But in *Lortz* v. *Davis, supra,* decided after the enactment of the county reform act, Acts 1899 p. 343 (§5918 *et seq.* Burns 1914), the holding is otherwise. There the board in a final order establishing a highway in effect directed that the damages assessed by the reviewers be paid out of the county treasury. There were no available funds in the treasury and an appropriation was not made by the county council until a subsequent date. Giving effect to the county reform act, the court ruled that *Helms* v. *Bell, supra,*

controlled, and that the final order establishing the highway was void and subject to collateral attack. The court said: "Such order did not authorize the auditor to issue his warrant or the treasurer of the county to pay such warrant in the absence of an appropriation for that purpose, and in case money had been paid out of the county treasury on any such warrant it could have been recovered from the person to whom it was paid."

To the suggestion that the several allowances made in that case as damages were judgments against the county rendered by a court having jurisdiction of the subject-matter and of the parties, and therefore valid under §5944 Burns 1914, *supra,* although no appropriation had been made, the court say in substance that as the county was not a party to the proceeding, and there was no pre-existing claim against the county on which a judgment might rest, the allowances were not judgments. Section 5944, *supra,* cited in *Lortz* v. *Davis, supra,* is to the effect that no court of any county shall have power to bind the county except by judgment rendered in a cause where such court has jurisdiction of the parties and the subject-matter, except to the extent of money already appropriated and available for the purposes which the court is seeking to accomplish, and that any action of the court in violation of the section shall be absolutely void.

The Lortz case is authority that the allowance made to Sarah E. Ferguson here was not a judgment against the county, as that term is used in §5944, *supra.*

It is apparent that the prohibition declared by §5944, *supra,* circumscribes the power of circuit

courts as well as boards of commissioners, and that as a consequence, for reasons last indicated, the order of the court here that the damages be paid out of the county treasury, there being no appropriation, was absolutely void.

We are confronted then with this situation: The court's order that the damages be paid out of the county treasury was void for two reasons: First, the county was not a party to the proceeding; second, there was no appropriation. Under such circumstances, had the amount of damages been paid to Sarah E. Ferguson, as ordered, she in an appropriate action could have been compelled to return it. *Lortz* v. *Davis, supra;* §5962 Burns 1914, *supra.*

We next address ourselves to the agreement element of the court's order: Sarah E. Ferguson did not file any remonstrance or other pleading that might have served as a basis for an allowance of damages in her favor. However, the entire final order of the circuit court including that part thereof awarding her damages was entered by agreement of the parties. The absence of a pleading therefore does not invalidate the mere allowance of damages as between the parties. *Indiana, etc., R. Co.* v. *Bird* (1888), 116 Ind. 217, 18 N. E. 837, 9 Am. St. 842; *Indianapolis, etc., R. Co.* v. *Sands* (1892), 133 Ind. 433, 32 N. E. 722; *Biddle* v. *Pierce* (1895), 13 Ind. App. 239, 44 N. E. 475. The fact of the agreement, however, cannot validate the order that the damages awarded be paid out of the county treasury, for two reasons: First, the order was in effect against the county and it was a party neither to the proceeding nor to the agreement; second, there was no appropriation. Among the purposes in view

and accomplished in the enactment of the county re-
form act was the placing of some check and limita-
tion on the power of boards of commissioners in the
disposition of public funds. Had the county, by its
board of commissioners or otherwise, been a party
to the agreement, the order directing that the amount
of damages awarded be paid out of the county treas-
ury, would nevertheless have been void, there being
no appropriation.

The damages allowed, then, were neither paid to
Sarah E. Ferguson nor deposited to her use. Even
though it should be conceded that as a mere theoreti-
cal proposition the order respecting the payment of
the damages was binding on her, since she was a party
to the agreement at its foundation, the consequent
validity is barren of results, since, for reasons al-
ready stated, the damages could not legally be paid
to her as ordered.

As the damages awarded to Sarah E. Ferguson
had not been paid to Sarah E. Ferguson or deposited
to her use prior to the entering of the final
order, such final order establishing the high-
way was void. *Helms* v. *Bell, supra; Lortz* v.
*Davis, supra; Kinzer* v. *Brown, supra.*

But if it be said that, by reason of the agreement,
the features of the final order, other than those per-
taining to the payment of damages, were valid,
then we are led to inquire whether such as-
sumed valid elements of the order are so dis-
tinct from the invalid that the former may be en-
forced. Calling to our aid the argument by analogy,
the rule respecting statutes valid in part is as fol-
lows: "If the purpose of an act is to accomplish a
single object only, and some of its provisions are void,

.the whole must fail unless sufficient remains to effect the object without the aid of the invalid portion. And if they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant the belief that the Legislature intended them as a whole, and if all could not be carried into effect the Legislature would not pass the residue independently, then if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them.' " *Griffin* v. *State* (1889), 119 Ind. 520, 22 N. E. 7.

Back of the final order here, there was an agreement; a contract between the parties. In determining the question whether the fact of such agreement validated any part of such final order, the law that governs in determining the validity of contracts void in part is therefore, by analogy, closely applicable. "If a promise to do special acts is indivisible and is in part illegal, it cannot be enforced as to that part which is legal, but the whole agreement is void. * * * Where the agreement consists of one promise made upon several considerations, some of which are bad and some good, here, also the promise is wholly void, for it is impossible to say whether the legal or the illegal portion of the consideration most affected the mind of the promisor, and induced the promise." Clark, Contracts 472. "A contract illegal in part and legal as to the residue, is void as to all, when the two parts cannot be separated; when they can be, the good will stand and the rest fall. One entire consideration cannot, within this rule, be separated, though composed of distinct items, some of which are legal and others illegal." Bishop, Contracts §471.

"The general rule is, that if any part of an entire consideration for a promise, or any part of an entire promise, is illegal, whether at common law or by statute, the whole contract is void." 1 Wait, Actions and Defenses 106; *James* v. *Jellison* (1884), 94 Ind. 292, 48 Am. Rep. 151.

The object of the agreement here, and which agreement by the court's action became a final order or judgment, was, from the standpoint of one party, the establishing of a public highway; from the standpoint of the other party, the allowance and payment of damages. The provision for the payment of the latter was the consideration to be received or the compensation to be paid in order that the former might be accomplished without objection. We have held that the order respecting the payment of the latter was invalid. It seems to us apparent that the former and the latter as elements of the agreement are so mutually related that the agreement was an entirety, and that the one element failing, the other cannot stand. See, also, *Consumers' Oil Co.* v. *Nunnemaker* (1895), 142 Ind. 560, 41 N. E. 1048, 51 Am. St. 193; *Chicago, etc., R. Co.* v. *Southern Ind. R. Co.* (1906), 38 Ind. App. 234, 70 N. E. 843; *Ricketts* v. *Harvey* (1886), 106 Ind. 564, 6 N. E. 325; 6 R. C. L. 816; 9 Cyc 566.

On the issue of estoppel the burden rested on appellants. The facts found by the court to which appellants point, as requiring a conclusion of law 12. that appellees are estopped, are in substance as follows: That at some unnamed time, but presumably after the road supervisor served notices for the removal of fences as above stated, appellants, relying on the Fergusons to abide by the judgment,

did remove their fences and erect others along the line of the prospective highway; that the Fergusons knew that appellants were so removing their fences and erecting others, but that they did not object or notify appellants that they would not comply with the judgment. With these facts certain others found by the court should also be considered, as that on or prior to July 6, 1914, and long before notices to remove fences had been served, Sarah E. Ferguson refused to file a claim based on damages awarded and subsequently refused to accept a warrant as indicated. It will be observed that after the rendering of the judgment Sarah E. Ferguson did no affirmative thing of a nature calculated to mislead appellants. Her affirmative acts indicated a disposition not to abide by the judgment. The facts do not establish the existence of an estoppel. See *State, ex rel.* v. *Palmer* (1915), 184 Ind. 7, 110 N. E. 213.

The finding supports at least the first, second, fourth and fifth conclusions of law, and these are sufficient to sustain the judgment. Judgment affirmed.

NOTE.—Reported in 117 N. E. 659. See under (2) 37 Cyc 131; (4) 37 Cyc 128; (9) 37 Cyc 125.